UNITED STATES ex rel. BARTSCH v. WATKINS, Dist. Director of Immigration.

No. 233, Docket 21316.

United States Court of Appeals Second Circuit.

May 27, 1949.

246

Gunther Jacobson, New York City, for appellant.

John F. X. McGohey, United States Attorney, New York City (William J. Sexton, Assistant United States Attorney, New York City, of counsel), for appellee.

Before L. HAND, Chief Judge, and SWAN and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The relator is held at Ellis Island for deportation as an alien excluded from admission by order of a board of special inquiry, affirmed by the Board of Immigration Appeals. The stated reasons for exclusion were three: (1) that he was an immigrant not in possession of an immigration visa;[1] (2) that he had no passport;[2] and (3) that he had previously been deported and had not been granted permission to reapply for admission.[3]

■■■ The relator was born in the City of Danzig in 1899, which was then a part of Germany but became a Free City in 1920.[4] He first came to the United States in 1926 as a seaman. He entered illegally without an immigration visa. After residing here for eighteen years, he was served in 1944 with a warrant of arrest in deportation proceedings based on his illegal entry. These proceedings resulted in an order granting him the privilege of voluntary departure, but as he was unable to finance departure at his own expense he subsequently requested deportation and a warrant of deportation to Germany was issued under which he was deported to Bremen on June 8, 1946. From Germany the relator made his way into Belgium and obtained employment as a seaman on a vessel which sailed from Antwerp and arrived in Philadelphia on July 2, 1947, where the immigration officials refused to allow him to go ashore. On departing from Philadelphia the vessel sailed to French ports and then returned to the United States, arriving at Baltimore on August 22, 1947, with the relator still aboard. He was given an admission hearing by a board of special inquiry and was excluded on the three grounds already stated. By order of November 19, 1947 the Board of Immigration Appeals affirmed this decision but granted Bartsch permission to reapply for admission after exclusion and deportation and arrest and deportation, and also granted him permission to reship as a seaman within 90 days, imposing the condition that, if he did not so depart, the exclusion order would be executed and the permission to reapply be revoked. He was unable to depart within the time assigned because of inability to procure an exit permit[5] and because of ill health. A motion to extend his time for voluntary departure was denied by the Board of Immigration Appeals. He was then taken to Ellis Island to await deportation, and shortly thereafter instituted the habeas corpus proceeding now before us on appeal.

The appellant's principal contention is that he was illegally deported to Germany in 1946 because 8 U.S.C.A. § 156 authorized deportation only to Danzig, the country whence he came, or to the port at which he had embarked for the United States. Although he consented to the deportation[6] and the warrant specified Germany as his destination, he alleges that his consent was obtained by assurances given by immigration officials that he would be deported to Danzig. Hence he argues that deporting him to Bremen was in effect a forced de-

[1] 8 U.S.C.A. § 213(a).

[2] 8 C.F.R.Cum.Supp.Exec.Order 8766.

[3] 8 U.S.C.A. § 180(a).

[4] See United States v. Watkins, 2 Cir., 167 F.2d 279, 280.

[5] See 8 C.F.R. §§ 175.22, 175.23.

[6] See 8 U.S.C.A. § 180(b).

parture so that his return in 1947 to the port of Baltimore was not an "entry," and the order excluding him was wrong. For this conclusion he relies upon Delgadillo v. Carmichael, 332 U.S. 388, 68 S.Ct. 10, 92 L.Ed 17. There it was held that an alien legally residing in the United States who was taken to Cuba after the torpedoing of the coastwise ship on which he was employed, did not make an "entry" when he returned to the United States from Cuba. In other words, an alien who is lawfully here has a right to remain which survives his return after a forced departure.[7] The appellant's case is a far cry from Delgadillo's. Bartsch had never lawfully entered the United States and the lapse of years before his arrest for deportation gave him no right of residence of which his deportation—however irregular—deprived him. Indeed, he concedes that if allowed to remain he could forthwith be lawfully deported to Danzig.

Therefore we agree with Judge Kaufman that it is unnecessary to determine the validity of the 1946 deportation. Even if it be assumed that it was wrong to deport him to Bremen, Germany, he had no right to reenter the United States without compliance with our immigration laws. For lack of an immigration visa and of a valid passport or official document in lieu thereof he was properly excluded, 8 U.S.C.A. § 213(a); 3 C.F.R.Cum.Supp., Exec. Order June 3, 1941, No. 8766.

The appellant also contends that the Board of Immigration Appeals erred in denying his motion for an extension of the 90 day period granted him for voluntary departure. Whether or not a deportable alien shall be granted the privilege of voluntary departure lies in the discretion of the immigration authorities. 8 U.S.C.A. § 155 (c). Since they need not grant it at all, they may grant it on condition that it be exercised within a specified time. If they will not extend the time, the courts cannot intervene. United States v. Reimer, 2 Cir., 103 F.2d 777, 779; cf. United States v. Watkins, 2 Cir., 167 F.2d 279, 282.

The appellant has appealed not only from the order dismissing the writ of habeas corpus but also from the order made four days later refusing to release him on bail pending the appeal. The order dismissing the writ must be affirmed for reasons already stated. Whether an order denying bail after dismissal of a writ is an appealable order was questioned but not decided in York v. Nicolls, 1 Cir., 159 F.2d 147, 148. In United States v. Watkins, 2 Cir., 164 F.2d 457, 460, we held, without discussion of appealability, that the granting of bail rests in the discretion of the district court. See also United States v. District Director, 2 Cir., 169 F.2d 747, 752. In the present case, since we now affirm dismissal of the writ, any question as to bail pending the appeal has become moot. Accordingly the appeal from the order denying bail is dismissed.

---

[7] See Di Pasquale v. Karnuth, 2 Cir., 158 F.2d 878, to similar effect.