In the Matter of NGUYEN KIN LAN
KHANH and Doan H. Khanh,
Petitioners,

v.

Hon. Sol MARKS, as District Director for
the New York District Immigration and
Naturalization Service, United States
Department of Justice, Respondent.

No. 72 Civ. 939.

United States District Court,
S. D. New York.

Sept. 7, 1972.

Claude H. Kleefield, New York City, for petitioners.

Whitney North Seymour, Jr., U. S. Atty., by Stanley H. Wallenstein and Joseph P. Marro, Asst. U. S. Attys., New York City, for respondent.

MOTLEY, District Judge.

## MEMORANDUM OPINION

*On Motion for Preliminary Injunction*

This case concerns the deportation of three Vietnamese citizens (husband, wife, and child) from the United States. Petitioners are Doan Huu Khanh, the husband, and Nguyen Kin Lan Khanh, the wife. The husband, wife and child were admitted to the United States as exchange visitors under a program sponsored by the Agency for International Development. After their authorized stay expired in August, 1968, petitioners unsuccessfully sought to secure a waiver of the statutory requirement that they return to Vietnam and reside there for a period of two years before applying for an immigration visa or permanent residence. Their attempt to secure relief by way of a private bill passed by the Congress also failed. After this failure, and a failure to depart voluntarily, an order of deportation finally issued ordering petitioners to report for deportation on March 6, 1972. The instant action was commenced on the same day and a temporary restraining order issued enjoining the respondent, the District Director of Immigration and Naturalization, from deporting petitioners pending determination of their motion for preliminary injunction. However, for the reasons set forth below, that temporary restraining order is now vacated in all respects and the motion for preliminary

injunction is denied on the ground that petitioners have failed to show any likelihood of success upon the trial or irreparable injury.

From the inartfully drawn complaint, motion papers, and hearing of petitioners' motion it appears that petitioners are attempting to make two claims. The first claim appears to be that the District Director abused his discretion in denying a stay of deportation pending determination of the appeal from denial of their motion to reopen the deportation proceeding. The stay was apparently sought on the ground that petitioners now have one other child who was born in the United States during their stay and the petitioner-husband (who has a doctorate in education) now works for a firm in Middletown, New York which has defense contracts. The second claim appears to be that petitioners' deportation should be stayed by the District Director or this court pending determination of a second waiver application predicated on the same two grounds and based upon a 1970 amendment to the statute providing for waiver. This second application was filed after commencement of this action in April, 1972. Petitioners were advised by the Immigration Service to complete the application form as to certain questions and to supply certain documents. As of the date of the writing of this opinion, August 9, 1972, the court had not been advised of the status of the application or whether it had been granted or denied.

When oral argument was heard on April 4, 1972, petitioners were given an extension of two weeks' time to submit a memorandum of law in support of their contentions. No memorandum was filed. By letter dated six days after the deadline of the extension, petitioners' counsel requested an additional week due to the illness of office personnel, which was granted. After several telephonic requests from this court's chambers for the memorandum, petitioner's counsel

stated by telephone that his "old" memorandum (one which was never filed in court) was outdated due to statutory amendments, and he would submit a new one. This so-called new memorandum, which was submitted to the court one and one-half months after the second extension of time had expired, consisted of a covering letter enclosing Xerox copies of federal regulations that went into effect on March 23, 1972 regarding exchange visitors, and commentary on these regulations published by "Interpreter Releases: An Information Service on Immigration, Naturalization and Related Problems." The "memorandum" contained no discussion of petitioners' case whatsoever.[1]

Due to the success of petitioners' counsel's dilatory tactics, the temporary restraining order entered in this case on March 6, 1972 has now been in effect for over four months, and this court has still received no memorandum of law to elucidate petitioners' claims.

Furthermore, by a cryptic letter dated April 24, 1972, counsel for petitioners advised the court that petitioners had reapplied for waiver of the two-year residency requirement of 8 U.S.C. § 1182 (e), discussed below at pp. 1252–1253. This is a tardy reapplication, the grounds for which appear to be events that occurred in May, 1971, and September, 1971.

Lacking the cooperation of petitioners' counsel, this court has construed petitioners' hastily drawn papers as best it can, with the aid of an affidavit and able memoranda of law submitted by the government on behalf of respondent.

Petitioners Doan Huu Khanh and Nguyen Kin Lan Khanh are both Vietnamese citizens born in Vietnam. Doan Huu Khanh came to the United States from Vietnam most recently in December, 1965, on an exchange program under Section 101(a)(15)(J) of the Immigration and Nationality Act, 8 U.S.C. §

---

1.  After careful scrutiny of these amendments, the court has been unable to ascertain what relevance they might have to petitioners' position in this case.

1101(a)(15)(J),[2] to obtain a doctorate in education. He received financial assistance from the Agency for International Development at the request of the Government of South Vietnam. His wife and child joined him in the United States in March, 1967. After a number of extensions of their stay were granted,[3] petitioners were ultimately authorized to remain in this country until August 30, 1968.

In December, 1968, petitioners made application for waiver of the requirement that aliens admitted as nonimmigrant exchange visitors return to their country of citizenship, or of last residence, for two years before applying for adjustment of their United States immigration status.

The current version of the relevant statutory provision, 8 U.S.C. § 1182(e), provides, in pertinent part:

"No person admitted under section 1101(a)(15)(J) of this title . . . whose (i) participation in the program for which he came to the United States was financed in whole or in part, directly or indirectly, by an agency of the Government of the United States . . . shall be eligible to apply for an immigrant visa, or for permanent residence, or for a nonimmigrant visa under section 1101(a)(15)(H) or section 1101(a)(15)(L) of this title until it is established that such person has resided and been physically present in the country of his nationality or his last residence for an aggregate of at least two years following departure from the United States: *Provided,* That upon the favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawful resident alien), . . . ., the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest: . . . .[4]

Petitioners' aforesaid 1968 application was denied on the grounds that the husband's services were required in Vietnam. (See letter of January 13, 1970 from Service District Director to petitioner Doan Huu Khanh).

A deportation hearing was held on March 26, 1970. Petitioners conceded deportability and requested the privilege of voluntary departure. Due to the fact that petitioners did not voluntarily leave the United States on the date agreed upon between them and the Immigration

2. Section 101(a), 8 U.S.C. § 1101(a)
    *    *    *    *    *
   (15) The term "immigrant" means every alien except an alien who is within one of the following classes of nonimmigrant aliens—
    *    *    *    *    *
   (J) an alien having a residence in a foreign country which he has no intention of abandoning who is a bona fide student, scholar, trainee, teacher, professor, research assistant, specialist, or leader in a field of specialized knowledge or skill, or other person of similar description, who is coming temporarily to the United States as a participant in a program designated by the Secretary of State, for the purpose of teaching, instructing or lecturing, studying, observing, conducting research, consulting, demonstrating special skills, or receiving training, and the alien spouse and minor children of any such alien if accompanying him or following to join him.

3. The background facts in this case are set forth in greater detail in the affidavit of Stanley H. Wallenstein, Special Assistant United States Attorney, representing respondent in this action.

4. Although this amended version of the statute is not the one that was in effect when petitioners first applied for a waiver, it is the opinion of the court that the amendment in no way affected petitioners' status under the statute. The amendment left intact the two-year requirement as to petitioners.

and Naturalization Service, the Service took steps to have them deported pursuant to Section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2).[5] After the Service had granted petitioners a number of extensions of time to depart, a warrant for petitioners' deportation was finally issued on February 14, 1972.[6]

Subsequently, petitioners moved, through their present counsel, to reopen their deportation proceeding. An order denying that motion was entered by a special inquiry officer of the Immigration and Naturalization Service on March 3, 1972. A stay of deportation pending appeal of the order was denied on the same day, and the appeal itself was dismissed by the Board of Immigration Appeals on March 31, 1972.

We turn now to a consideration of the relief petitioners seem to be seeking in this court. (At the outset, it must be noted that the types of relief requested in the prayer of the complaint are a stay of deportation, and a preliminary injunction against deportation, and a preliminary injunction against deportation. There is no request for a permanent injunction, or other permanent relief.[7]

The only portions of the complaint dealing with the nature of petitioners' claims are the following:

" . . . [T]he petitioners have two children born in the United States."

\* \* \* \* \* \*

" . . . [A] gross miscarriage of justice would occur as petitioner Dr. Doan H. Khanh is the Director of the Development Branch of a company which has an Air Force contract and a Navy contract currently in effect."

\* \* \* \* \* \*

" . . . [T]he Immigration Service was not even aware of the second child of petitioners being born in the United States as the Notice of actual Deportation refers to the fact that they should bring their one U. S. born child with them. . . . "

" . . . [I]f the aliens were to be deported they would be unable to apply for adjustment of status and after Dr. Doan H. Khanh has given almost seven years of his energy and time in this country in helping the Defense Department with the Viet Nam (sic) situation it would be a gross miscarriage of justice to treat them this way and not to allow the appropriate adjudication by the Board of Immigration Appeals based on the two new factors which were not known to the Immigration Service as of March 1st, 1972." (¶¶ 6, 9 [in part], 11 [in part], and 12).

As noted above, it appears that one form of relief petitioners desire is to have their deportation enjoined pending the outcome of the appeal of the order denying their motion to reopen the deportation proceeding. A stay of deportation pending appeal had been denied by the Immigration and Naturalization Service and by the Board of Immigration Appeals on March 3, 1972. The complaint and moving papers in this case were filed on March 6, 1972. Oral argument on the motion for a preliminary injunction was heard on April 4, 1972 and, although the Board had rendered its decision on the merits on

---

5. This section provides, in pertinent part:
"(a) Any alien in the United States . . . shall, upon the order of the Attorney General, be deported who—
\* \* \* \* \*
(2) . . . is in the United States in violation of this chapter or in violation of any other law of the United States;"
\* \* \* \* \*

6. The warrant also applied to petitioners' oldest child, Kim Boo Doo Khanh, a Vietnamese citizen born in Vietnam. Petitioners' two younger children were both born in the United States, one on January 10, 1968, and the other on September 13, 1971.

7. Although the term "permanent injunction" is used in the second paragraph of petitioners' prayer for relief, the relief is desired only "until the issues in this complaint are determined by this Court; . . . . "

March 31, 1972, petitioners may not have learned of it by the time of oral argument on their motion here. In any event, this claim for relief is now moot.

There also seems to be a claim in the complaint that the Board of Immigration Appeals was not informed of the two critical facts set forth above regarding American born children and current employment at the time it was considering petitioners' appeal, and that its adjudication would be a denial of due process unless those facts were considered by the Board.

Assuming without granting that these facts are relevant to a determination of petitioners' deportability, we must state at the outset that there is no proof that the Appeals Board was unaware of these facts at the time it made its adjudication, the evidence being entirely to the contrary.

Petitioners put forth no creditable proof of their contention regarding the Service's ignorance of these facts. They state that the order deporting petitioners referred to only one child who was to be brought along with petitioners, from which petitioners infer that the Service believed that petitioners had only one child born in this country. As pointed out by the government in its memorandum of law, this inference is entirely fallacious. Not only does the Service not have the authority to deport any United States-born children of petitioners, whether there be one or two of them, but the Service order referred to, annexed to the complaint as Exhibit 1, mentions the child to be deported by name—Kim Boo Khan[h]—indicating that it was the one Vietnam-born child of petitioners who was to accompany them.

As for the fact of petitioner-husband's present employment, a letter in the file of the Service in this case indicates that Doan Huu Khanh's employer wrote to the Service as early as May 26, 1971 informing it of the nature of Khanh's work. (Of course, the most convincing proof that the Service was aware of these facts is the letter-motion of petitioners' counsel to reopen the deportation proceeding, dated March 2, 1972, which elaborates in detail on petitioner-husband's job, and the fact that petitioners had two United States-born children. [Exhibit 2 to complaint]). Given this context, we need not reach the question that petitioners may be raising of whether petitioners would have been entitled to a stay of deportation pending reconsideration by the Appeals Board, had it rendered its decision without knowledge of the two facts discussed above.

It also bears mention that petitioners' counsel, who represented them both before the Service hearing officer and before the Appeals Board, cannot at this stage of the proceedings be heard to say that the Service was not informed about critical information, when petitioners' counsel must have known of that information considerably before March 1, 1972, and had a duty to relay it to the Service.

Another claim that petitioners seem to be making is that given the two allegedly critical facts discussed above, they were entitled to have their deportation stayed until they could reapply for waiver of the two-year foreign residency requirement of 8 U.S.C. § 1182(e), based on the "new" information.

The granting of a waiver under 8 U.S.C. § 1182(e) is, at each of several steps, purely a matter of discretion. First, there must be a request for waiver, either by an interested United States Government agency, or by the Commissioner of Immigration and Naturalization because he believes the requirement will cause exceptional hardship to dependents of the visitor who are United States citizens or resident aliens. Then the Secretary of State must give his recommendation based on the considerations in 22 C.F.R. 63.32 (effective March 23, 1972). The regulation states: " . . . The Secretary will review the policy, program, and foreign rela-

tions aspects of the case."[8] Finally, the Attorney General *may,* upon the Secretary of State's recommendation, grant a waiver.

Petitioners reapplied to the District Director of the Service on April 17, 1972 for a waiver, basing their application on facts that were known to them as early as September, 1971 and already known to the Immigration Service. It was only after petitioners had reached the end of the line, so to speak, that they made this last ditch effort to hold up their deportation.

■■ The granting of a stay of deportation is entirely within the discretion of the District Director. Kladis v. Immigration and Naturalization Service, 343 F.2d 513 (7th Cir. 1965); Bartsch v. Watkins, 175 F.2d 245 (2d Cir. 1949); 8 C.F.R. 243.4. Petitioners have made not even a colorable showing that this discretion was abused. Petitioners appear to have been given every consideration by the Service, with the result that they have already been able to delay their departure from the United States from June, 1968 to the present. Thus, regardless of the likelihood of petitioners prevailing on a reapplication for waiver which had not even been filed at the time this suit was brought, it was within the discretion of the Service to deny them a stay.[9] Hintopoulos v. Shaughnessy, 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed. 2d 652 (1952); Polites v. Sahli, 302 F. 2d 449 (6th Cir. 1962); Lam Tat Sin v. Esperdy, 227 F.Supp. 482 (S.D.N.Y. 1964), aff'd 334 F.2d 999 (2d Cir. 1964), cert. denied, 379 U.S. 901, 85 S. Ct. 190, 13 L.Ed.2d 176 (1964). If nonimmigrant alien visitors were entitled to delay their deportation each time they filed a belated application for a waiver, no deportation would ever take place. There must be an end to petitioners' administrative relief, and the Service, in its discretion, has determined that the end has come.

Thus, no matter how generously we construe petitioners' complaint and motion papers, they do not make out a colorable claim for relief of any kind. The temporary restraining order is dissolved and the motion for preliminary injunction is denied.

Submit order on five days' notice.

by innuendo, base their application on the desire to reapply for a waiver of the foreign residency requirement due to changed circumstances.

---

8. 22 C.F.R. 63.7, the predecessor of 22 C.F.R. 63.32, contained the identical language.

9. In petitioners' motion to reopen the deportation proceeding they did not, except