**UNITED STATES of America,**

**v.**

**Farooh MOHAMMED, Defendant.**

**No. 73 Cr. 719.**

United States District Court,
S. D. New York.

Nov. 5, 1973.

Paul J. Curran, U. S. Atty., S. D. N. Y., for the U. S.; Robert B. Hemley, Asst. U. S. Atty., New York City, of counsel.

Fried, Fragomen & Del Rey, P. C., New York City, for defendant; Patrick Quane, New York City, of counsel.

METZNER, District Judge:

Defendant has moved for an order staying the proceedings in this criminal case until such time as the Immigration and Naturalization Service has ruled on his application to reopen a March 3, 1970 final order of deportation.

The indictment charges that defendant is an alien who had been arrested and deported from the United States on March 3, 1970, and was found in the Southern District of New York on May 30, 1973, without having first obtained

the express consent of the Attorney General to reapply for admission. 8 U.S.C. § 1326.

Defendant contends that the 1970 deportation order is invalid because he was denied effective assistance of counsel at the deportation hearing. By seeking to reopen the 1970 proceeding, defendant hopes to have the instant indictment dismissed because of the invalidity of the 1970 order of deportation.

The government argues that any collateral attack on the deportation order may be made in the criminal proceeding, and therefore this court should not adjourn the trial date.

There is a split in the decided cases as to whether a defendant may collaterally attack a deportation order in a criminal prosecution under 8 U.S.C. § 1326. The Supreme Court, in United States v. Spector, 343 U.S. 169, 72 S.Ct. 591, 96 L.Ed. 863 (1952), specifically left open the question of whether the validity of an administrative order of deportation could be judicially reviewed in a criminal proceeding based thereon.

The Fifth and Tenth Circuits have held that a defendant may not collaterally attack the validity of the deportation order in a criminal action. United States v. Gonzalez-Parra, 438 F.2d 694 (5th Cir. 1971), cert. denied, 402 U.S. 1010, 91 S.Ct. 2196, 29 L.Ed.2d 433 (1972); Arriaga-Ramirez v. United States, 325 F.2d 857 (10th Cir. 1965). *See also,* Pena-Cabanillas v. United States, 394 F.2d 785, 789 (9th Cir. 1968). This view has also been adhered to by the district court in Missouri. United States v. Bruno, 328 F.Supp. 815 (W.D.Mo.1971).

On the other hand, the Third and Seventh Circuits have held that a deportation order may be collaterally attacked in a criminal prosecution. United

States v. Bowles, 331 F.2d 742, 745 (3d Cir. 1964); United States v. Heikkinen, 240 F.2d 94, 99 (7th Cir. 1957), rev'd on other grounds, 355 U.S. 273, 78 S.Ct. 299, 2 L.Ed.2d 264 (1958); United States v. Heikkinen, 221 F.2d 890, 892 (7th Cir. 1955).

The Second Circuit has not as yet been confronted with this exact problem. However, it has held in United States ex rel. Bartsch v. Watkins, 175 F.2d 245, 247 (2d Cir. 1949), which involved a civil deportation proceeding, that even if an earlier deportation was illegal, the deportee had no right to re-enter the United States without permission so long as the deportation order was in existence.

■ It appears from these cases that the defendant is not in a position to have this prosecution stayed while he seeks administrative relief. Since he has already been indicted, the only question is whether he is foreclosed in this action from collaterally attacking the original order of deportation. The answer to this question is yes.

■ The deportation order was proper on its face. Defender had no right to re-enter the country without seeking the permission of the Attorney General. The only question to be decided on this trial is whether there was an outstanding order of deportation pursuant to which the defendant was deported and whether thereafter he reentered the country without seeking permission of the Attorney General to reapply for admission.

The trial of this case was previously set for November 21, 1973. It is advanced to Monday, November 19, 1973, at the same time and place. Briefs and requests to charge are to be submitted by November 16, 1973.

The motion is denied. So ordered.