**UNITED STATES of America**

v.

**Santiago ESPINOZA–SOTO, Defendant.**

**No. 79 CR 340.**

United States District Court,
E. D. New York.

Sept. 14, 1979.

Edward R. Korman, U. S. Atty. by Thomas G. Roth, Asst. U. S. Atty., Brooklyn, N. Y., for the Government.

Jack Sachs, New York City, for defendant.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

Prior to the commencement of trial, the defendant moved to suppress the order of deportation entered against him. He argued that the order was void because the Immigration and Naturalization Service (INS) failed to follow an agency regulation, 8 C.F.R. § 242.2(e). That regulation provides: "Every detained alien shall be notified that he may communicate with the consular or diplomatic officers of the country of his nationality." On the basis of this argument he moves to dismiss the indictment and relies upon *United States v. Calderon-Medina*, 591 F.2d 529 (9th Cir. 1979) and *United States v. Caceres*, 545 F.2d 1182 (9th Cir. 1976), *rev'd*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979).

■ Defendant does not provide any support for a claim of prejudice by the alleged violation of the agency rules. Moreover, he does not claim that the regulation flows directly from some constitutional or statutory provision. He merely claims that the violation of the regulation *alone* is a sufficient basis for suppressing the order of de-portation and dismissing the indictment. The court disagrees.

First, the Ninth Circuit in *United States v. Calderon-Medina, supra, reversed* the district court's dismissal of the indictment on this basis. Second, *Calderon-Medina* was decided prior to the Supreme Court's decision in *United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979). In *Caceres*, the court held that the violation of agency regulations did not require the exclusion of evidence obtained. The defendant's reliance on the Circuit Court decision in *Caceres* is therefore misplaced.

The defendant, in reargument of his motion, claimed that the Supreme Court's decision in *Caceres* supports his position. He argued that *Caceres* exempts INS proceedings and relied upon *Bridges v. Wixom*, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103 (1945). *Bridges* is consistent with the holding in *Caceres* in that both cases require enforcement of agency regulations when the "regulation is *mandated by the Constitution or federal law.*" *United States v. Caceres*, 440 U.S. 741, 749, 99 S.Ct. 1465, 1470, 59 L.Ed.2d 733 (1979) (emphasis added).

In *Bridges*, the Court found that the INS violated the petitioner's *constitutional* right to due process of law, and reversed the order of deportation. There, the INS conducted a hearing to determine the threshold issue of deportation. In reaching its determination, however, the INS relied upon an erroneous standard of proof and presented inadmissible evidence. Moreover, the agency regulations designed to protect the petitioner's constitutional rights were violated. The Court held that these regulations were based upon constitutional and statutory law designed to protect the fundamental rights of the petitioner at a crucial stage of the determinations. 326 U.S. at 152–53, 65 S.Ct. 1443. As a result of this *constitutional* violation the order of deportation was overturned.

■ *Caceres*, while consistent with the holding in *Bridges*, does not exempt INS proceedings. In *Caceres* the Court held that where the agency is not required by a constitutional or statutory provision to adopt a regulation, then the violation of

that regulation does not require the suppression of the evidence obtained. Thus, it is the existence of a constitutional or statutory basis for the regulation and not the type of agency involved with a particular regulation, which is crucial.

Based on the facts of this case, it is clear that *Caceres* is the controlling authority. Here, there is no claim that the regulation in question is based upon any constitutional or statutory provision. The notification provision here clearly does not affect the type of due process interests involved in *Bridges.* Accordingly, the violation of the regulation here does not require the suppression of the order of deportation.

Moreover, the law in the Second Circuit prohibits this type of collateral attack. *United States v. Pereira*, 574 F.2d 103 (2d Cir. 1978); *United States v. Mohammed*, 372 F.Supp. 1048 (S.D.N.Y.1973). Accordingly, the motion must be denied on this basis as well.

The motion to suppress the order of deportation and to dismiss the indictment is denied.

So ordered.