**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Mauricio del ROSAL–AGUILAR, Defendant-Appellant.**

No. 80–2529.

United States Court of Appeals, Seventh Circuit.

Argued April 15, 1981.

Decided July 1, 1981.

---

Jane Casey, John Marshall Law School, Chicago, Ill., for defendant-appellant.

Thomas W. Turner, Asst. U. S. Atty., Springfield, Ill., for plaintiff-appellee.

Before CUMMINGS and WOOD, Circuit Judges, and JAMESON, Senior District Judge.*

CUMMINGS, Circuit Judge.

On June 13, 1980, defendant Mauricio del Rosal-Aguilar was arrested in Livingston County, Illinois, and charged with a violation of 8 U.S.C. § 1326 in that he was an alien found in the United States without permission of the Attorney General after a prior deportation. At trial, the Government established that defendant had been deported to Mexico as an illegal alien on March 20, 1979, under the name Pedro Carrasco-Leal. Defendant made an offer of proof to show that the 1979 deportation was unlawful. The offer of proof consisted of his testimony, through an interpreter, that he was lawfully admitted to the United States in 1969 under the Cuban Refugee Program and the testimony of an officer of the Cuban Emergency Center in Miami, Florida, that an individual named Mauricio del Rosal-Aguilar had registered with the program on January 22, 1969.

Defendant further testified that at the time of the 1979 deportation proceedings he did not understand that he was free to present evidence, subpoena witnesses and cross-examine witnesses. He was not represented by counsel. Defendant admitted, however, that when he was arrested in 1978 he gave his name as Pedro Carrasco-Leal and his country of origin as Mexico and did not tell the authorities that he was a Cuban refugee.

The district court reviewed the record of the 1979 deportation proceedings to ascertain that they had been conducted in accordance with law, but refused to allow defendant's proffered defense testimony into evidence. Defendant was convicted by jury verdict and sentenced to two years' imprisonment. He appeals, contending that he was denied due process in that he was not permitted to relitigate the factual basis of the 1979 deportation. We affirm.

In *United States v. Heikkinen*, 221 F.2d 890 (7th Cir. 1955), this Court held that a defendant charged with a violation of the statutory forerunner to 8 U.S.C. § 1252(e) (wilful failure to leave the United States after a deportation) is not entitled to a *de novo* hearing on the merits of the deportation underlying the charged offense. See also *United States ex rel. Bartsch v. Watkins*, 175 F.2d 245 (2d Cir. 1949). Since *Heikkinen*, Congress has enacted in 8 U.S.C. § 1105a a comprehensive scheme of judicial review for deportation proceedings. After thorough consideration of the statute, the Fifth Circuit concluded in *United States v. Gonzalez-Parra*, 438 F.2d 694 (1971), certiorari denied, 402 U.S. 1010, 91 S.Ct. 2196, 29 L.Ed.2d 433, that collateral attacks on the merits of a deportation in a Section 1326 prosecution are barred by Section 1105a. See also *Arriaga-Ramirez v. United States*, 325 F.2d 857 (10th Cir. 1963). The Fifth Circuit then went on to discuss at length the constitutionality of Sections 1105a and 1326 and concluded that a defendant who fails to invoke the direct appeal provisions of Section 1105a is not constitutionally entitled to relitigate the merits of the deportation in a subsequent Section 1326 prosecution. See also *United States v. Pereira*, 574 F.2d 103 (2d Cir. 1978), certiorari denied, 439 U.S. 847, 99 S.Ct. 145, 58 L.Ed.2d 148. We are in accord.

Defendant relies on *United States v. Gasca-Kraft*, 522 F.2d 149 (9th Cir. 1975), where the court in affirming a Section 1326

---

* The Honorable William J. Jameson, Senior District Judge for the District of Montana, is sitting by designation.

conviction indicated that defendant was entitled to attack the merits of the prior deportation. See also *United States v. Barraza-Leon*, 575 F.2d 218 (9th Cir. 1978). However, the Ninth Circuit offered no statutory or constitutional analysis to support such a conclusion while the cases it cited as authority in *Gasca-Kraft* for the availability of collateral attack stand only for the proposition that the Government must prove the underlying deportation to have been based on a valid legal predicate and obtained according to law. *Pena-Cabanillas v. United States*, 394 F.2d 785, 789 (9th Cir. 1968); *United States v. Bowles*, 331 F.2d 742 (3d Cir. 1964); *United States v. Heikkinen, supra*.[1] We are persuaded that to the extent the Ninth Circuit cases go beyond that narrow proposition they are contrary to Section 1105a. We are also persuaded, for the reasons stated by the Fifth Circuit in *Gonzalez-Parra, supra*, that a trial *de novo* on the factual basis of the underlying deportation is not a constitutional prerequisite to conviction under Section 1326. Accordingly, the conviction appealed from is affirmed.

---

[1] As noted, the district court did review the deportation proceedings to determine their legality. Defendant does not contend that he was denied procedural due process.