**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lino Lorenzo DE LA CRUZ–SEPULVE-
DA, Defendant-Appellant.**

No. 80–2028.

United States Court of Appeals,
Fifth Circuit.
Unit A

Sept. 21, 1981.

LeRoy M. Jahn, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CHARLES CLARK, TATE and SAM D. JOHNSON, Circuit Judges.

TATE, Circuit Judge:

The defendant, Lino Lorenzo De La Cruz-Sepulveda, appeals from his conviction for being unlawfully in the United States after having been deported, Section 276 of the Immigration and Nationality Act, 8 U.S.C. § 1326. On appeal, De La Cruz contends, inter alia, that the district court erred in denying De La Cruz's motion to dismiss, because the original deportation order was improperly based upon a criminal conviction that was not final. We find that, in a prosecution of an alien for unlawful reentry, he cannot collaterally attack the facts underlying the original deportation order and, therefore, affirm.

*Facts*

In January of 1972, De La Cruz pled nolo contendere to a charge of possession of marijuana in violation of California law. When the plea was entered, he waived the time for sentencing, and his case was referred to the probation department. He was then released on his own recognizance. At the time scheduled for further proceedings, De La Cruz failed to appear, and a bench warrant was issued for his arrest. No further action was taken by the California state court on the narcotics charge.

In January of 1974, De La Cruz was deported pursuant to the provisions of 8 U.S.C. § 1251(a)(11)[1] for his conviction on the California narcotics violation. He administratively appealed the deportation order, but the decision of the Immigration

---

1. 8 U.S.C. § 1251(a)(11) provides:

(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

. . . .

(11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana, or who has been convicted of a violation of, or a conspiracy to violate, any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, marihuana, any salt derivative or preparation of opium or coca leaves or isonipecaine or any addiction-forming or addiction-sustaining opiate;

judge was affirmed by the agency board. No judicial review was sought. In May of 1980, De La Cruz was found in the United States and was subsequently indicted and convicted by a jury of violating 8 U.S.C. § 1326; this statute provides a felony penalty for an alien who had been arrested and deported or excluded if he reenters the United States without permission of the Attorney General.[2] At trial, De La Cruz moved to dismiss the indictment on the basis that he was never convicted of the California narcotics law violation for purposes of deportation under 8 U.S.C. § 1251(a)(11), and that the deportation order was, therefore, invalid. The motion was denied, but only after the jury returned a verdict of guilty on the crime charged.

*The Issues*

The defendant appeals from the conviction and argues that: (1) the trial court failed to hold a hearing on De La Cruz's motion to dismiss the indictment, pursuant to 8 U.S.C. § 1105a(6), prior to the commencement of the trial of the general issue; and (2) that the trial court erred in not granting De La Cruz's motion to dismiss the indictment by failing to find that the deportation order of 1973 was invalid because the defendant's plea of nolo contendere, in the absence of sentencing and of the exhaustion of appellate review, did not amount to a "conviction" as that term is employed in 8 U.S.C. § 1251 for purposes of deportation.

### 1. *Hearing Prior to Trial*

■ De La Cruz relies on 8 U.S.C. § 1105a as the basis for his argument that the trial judge should have decided his motion to dismiss the indictment prior to the trial of the criminal charge. Section 1105a provides, in part, that:

(6) if the validity of a deportation order has not been judicially determined, its validity may be challenged in a criminal proceeding against the alien *for a violation of subsection (d) or (e) of section 1252 of this title only* by a separate motion for judicial review before trial. Such motion shall be determined by the court without a jury and before the trial of the general issue. (Italics supplied)

The contention is without merit: by its terms, the cited statute, 8 U.S.C. § 1105a(6), applies only to criminal proceedings under 8 U.S.C. §§ 1252(d) (willful failure of deportee to comply with supervisory orders of the Attorney General prior to departure) and 1252(e) (willful failure to arrange for departure and depart). De La Cruz was indicted and convicted of illegal reentry under 8 U.S.C. § 1326. His reliance on 8 U.S.C. § 1105a(6) is, therefore, misplaced. *See United States v. Gonzalez-Parra*, 438 F.2d 694, 697 (5th Cir.), *cert. denied*, 402 U.S. 1010, 91 S.Ct. 2196, 29 L.Ed.2d 433 (1971).

### 2. *Dismissal of the Motion*

■ We find it unnecessary to decide the second issue as raised by the appeal, *i. e.*, whether the defendant's plea of nolo contendere, in the absence of sentencing and appellate review, is tantamount to a conviction for purposes of sustaining the 1974 deportation order. This circuit has previously held that a defendant cannot collaterally attack the original deportation order when subsequently prosecuted, as here, for illegal reentry under 8 U.S.C. § 1326. *United States v. Gonzalez-Parra, supra.* (We acknowledge, however, that this rule is not uniform among the circuits.)

In *United States v. Spector*, 343 U.S. 169, 72 S.Ct. 591, 96 L.Ed. 863 (1952), the Supreme Court reserved decision on the question whether the Constitution requires that

**2.** 8 U.S.C. § 1326 provides:
 Any alien who—
  (1) has been arrested and deported or excluded and deported, and thereafter
  (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consent-

ed to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be guilty of a felony, and upon conviction thereof, be punished by imprisonment of not more than two years, or by a fine of not more than $1,000, or both.

the validity of an administrative order of deportation be judicially reviewed in a criminal proceeding based thereon. In the absence of authoritative resolution of this question, the circuits have divided as to whether collateral attacks are permissible.[3] Nevertheless, the rule in this circuit was set forth by us in *United States v. Gonzalez-Parra, supra.* In that case, the defendant tried to mount a collateral attack on the facts upon which the validity of the deportation order was denied, in the context of a prosecution for illegal reentry. In rejecting any such collateral attack as permissible, the court described the elaborate scheme of administrative and judicial review provided by 8 U.S.C. § 1105a and stated that "[w]e think it clear that Congress intended to bar collateral attacks on deportation orders in prosecutions under 8 U.S.C. § 1326." *Id.,* 438 F.2d at 697.

Likewise, in *Gonzalez-Parra,* we held that the statutory scheme did not contravene constitutional requirements. We noted that the defendant had failed to avail himself of various administrative remedies at the time of his deportation, but we specifically held that preclusion of the collateral attack was not premised on the non-exhaustion of administrative remedies. *Id.,* 438 F.2d at 698. Rather, the constitutionality of the procedures embodied in 8 U.S.C. § 1105a was grounded on the principle in *Yakus v. United States,* 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944), that neither the Sixth Amendment nor due process requires that the facts underlying the validity of an administrative order must be determined anew in the criminal prosecution founded upon that administrative order. *Id.,* 438 F.2d at 698–99.

*Conclusion*

In a prosecution under 8 U.S.C. § 1326 for illegal reentry, there can be no collateral attack on the underlying deportation order. Further, 8 U.S.C. § 1105a(6) does not require pretrial determination of a motion for dismissal in a prosecution for illegal reentry. Accordingly, we AFFIRM the conviction.

AFFIRMED.

---

3. The Third, Seventh, and Ninth Circuits allow such collateral attacks. *Ramirez-Juarez v. Immigration and Naturalization Service,* 633 F.2d 174, 176 n.3 (9th Cir. 1980); *United States v. Guerra de Aguilera,* 600 F.2d 752 (9th Cir. 1979); *United States v. Calderon-Medina,* 591 F.2d 529 (9th Cir. 1979); *United States v. Barraza-Leon,* 575 F.2d 218 (9th Cir. 1978); *Mendez v. Immigration and Naturalization Service,* 563 F.2d 956 (9th Cir. 1977); *United States v.* *Gasca-Kraft,* 522 F.2d 149 (9th Cir. 1975); *United States v. Bowles,* 331 F.2d 742 (3d Cir. 1964); *United States v. Heikkinen,* 221 F.2d 890 (7th Cir. 1955). The Second and Tenth Circuits do not. *United States v. Pereira,* 574 F.2d 103 (2d Cir. 1978); *Arriaga-Ramirez v. United States,* 325 F.2d 857 (10th Cir. 1963); *United States v. Mohammed,* 372 F.Supp. 1048 (S.D.N.Y.1973).