**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Salvatore PETRELLA,
Defendant-Appellant.**

**No. 798, Docket 82–1342.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 8, 1983.

Decided May 11, 1983.

Jeffrey B. Meller, Burlington, Vt., for defendant-appellant.

George W.F. Cook, U.S. Atty., D.Vt., Rutland, Vt., George J. Terwilliger, III, Asst. U.S. Atty., P. Scott McGee, Asst. U.S. Atty., Burlington, Vt., for plaintiff-appellee.

Before LUMBARD and CARDAMONE, Circuit Judges, and ZAMPANO, District Judge.*

ZAMPANO, District Judge:

■ The sole issue raised on this appeal is whether a defendant, indicted under 8

* Honorable Robert C. Zampano, United States District Judge for the District of Connecticut, sitting by designation.

U.S.C. § 1326 for unlawful reentry into this country after deportation, may challenge the validity of the original order of deportation as a defense to the prosecution. We conclude that the underlying deportation is not subject to collateral attack in a § 1326 criminal proceeding and we therefore affirm appellant's conviction.

## I

Appellant, Salvatore Petrella, was admitted to the United States in 1978 as a visitor to inspect and study a training program for machine tool operators in Billerica, Massachusetts. Petrella decided to enroll in the program and a one-year trainee visa was issued by the Immigration and Naturalization Service ("INS"). When the visa expired, he failed to depart voluntarily and a deportation warrant issued. With the aid of retained counsel, who represented him before the INS Petrella delayed his departure from the United States for an additional three years. Finally, a deportation order was issued, from which no appeal for judicial review was perfected. On April 19, 1982, Petrella was arrested and deported to Italy.

Approximately a month later, Petrella flew from Italy to Canada and unsuccessfully attempted to enter this country at Niagara Falls. Undaunted, he again attempted to cross the border at Highgate Springs, Vermont on May 23, 1982. In response to routine questions by Immigration Inspectors, Petrella stated he was an United States Citizen and produced a Social Security Card and a Massachusetts driver's license to support his claim. A search of his automobile yielded an Italian passport and, after further questioning, he was arrested and charged with willfully making a false claim of citizenship, 18 U.S.C. § 911, and with attempting to enter the United States without authorization after deportation, 8 U.S.C. § 1326.[1]

Prior to trial, Petrella moved to dismiss the indictment on the ground that the 1979 deportation proceedings did not comport with due process. The District Court refused to review the merits of the deportation and denied the motion. On July 21, 1982, a jury found appellant guilty on both charges.

## II

In *United States v. Spector,* 343 U.S. 169, 172–73, 72 S.Ct. 591, 593–594, 96 L.Ed. 863 (1952), the Supreme Court reserved decision on whether a defendant may relitigate the issue of original deportability in a criminal prosecution in which the prior deportation is an element of the offense. The courts of appeals that have addressed the question in the context of a § 1326 prosecution are divided as to whether collateral attacks are permissible.

The Third, Seventh and Ninth Circuits have approved varying degrees of trial court review of the underlying deportation. See, e.g., *United States v. Rosal-Aguilar,* 652 F.2d 721, 722–23 (7 Cir.1981) (government must prove the deportation was "based on a valid legal predicate and obtained according to law"); *United States v. Rangel-Gonzales,* 617 F.2d 529, 530 (9 Cir.1980) (defendant entitled to demonstrate that a violation of an INS regulation prejudiced a protected interest); *United States v. Bowles,* 331 F.2d 742, 750 (3 Cir. 1964) (defendant permitted to show there was no factual or legal basis for his deportation).

The Eighth Circuit, while indicating that a limited pretrial review of the deportation hearing may be permissible in some circum-

1. Any alien who—

(1) has been arrested and deported or excluded and deported, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission;

or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be guilty of a felony, and upon conviction thereof, be punished by imprisonment of not more than two years, or by fine of not more than $1,000, or both.

stances, *Hernandez-Uribe v. United States,* 515 F.2d 20, 22 (8 Cir.1975), *cert. denied,* 423 U.S. 1057, 96 S.Ct. 791, 46 L.Ed.2d 647 (1976), has not squarely addressed the question. See *United States v. Cabrera,* 650 F.2d 942, 943 (8 Cir.1981).

The Fifth Circuit, after careful analysis of the elaborate scheme of administrative and judicial review already available to an alien under other provisions of the Immigration and Nationality Act ("INA"), has determined that Congress intended to bar collateral attacks on deportation orders in § 1326 prosecutions. *United States v. De La Cruz-Sepulveda,* 656 F.2d 1129, 1131 (5 Cir.1981); *United States v. Gonzalez-Parra,* 438 F.2d 694, 697 (5 Cir.), *cert. denied,* 402 U.S. 1010, 91 S.Ct. 2196, 29 L.Ed.2d 433 (1971). The Tenth Circuit, in *Arriaga-Ramirez v. United States,* 325 F.2d 857, 859 (10 Cir.1963), has also rejected collateral review but with little supporting analysis.

### III

Our analysis begins with the language of the unlawful reentry statute which provides in relevant part: "Any alien who—(1) has been arrested and deported or excluded and deported, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States ... shall be guilty of a felony ...." 8 U.S.C. § 1326. The lack of any express reference to the validity of the deportation or of the arrest indicates that the statute seeks to punish the unauthorized reentry of an alien previously deported, regardless of whether the deportation was "lawful." [2]

We next examine the relevant provisions of the INA relating to judicial review of deportation orders. There are three "sole and exclusive" avenues for judicial intervention available to an alien who has exhausted his administrative remedies under the immigration laws and has not yet departed the United States. 8 U.S.C. § 1105a. First, he may obtain civil judicial review of the rulings of the Board of Immigration Appeals in the federal courts of appeals if he petitions for review within six months of the date of the deportation order. 8 U.S.C. § 1105a(a). Second, if he is in custody pursuant to the deportation order, he is entitled to habeas corpus review. 8 U.S.C. § 1105a(a)(9). Third, in a criminal prosecution under 8 U.S.C. § 1252(e) (willful failure to depart) or under 8 U.S.C. § 1252(d) (violation of supervisory regulations), the defendant may obtain pretrial judicial review. 8 U.S.C. § 1105a(a)(6).

Thus, neither the statute on its face nor the statutory scheme for review of deportation orders authorizes a challenge to the original deportation. We conclude, therefore, that Congress intended to bar collateral attacks in § 1326 prosecutions.[3]

This conclusion is fortified by our discussion of the issue in question in *United States v. Pereira,* 574 F.2d 103 (2 Cir.), *cert. denied,* 439 U.S. 847, 99 S.Ct. 145, 58 L.Ed.2d 148 (1978). In that § 1326 prosecution, the defendant had been convicted of three counts of burglary, two counts of theft, and one count of escape from imprisonment. He was ordered deported on several occasions, and had previously been convicted of an illegal reentry violation. We found the defendant's continuing and flagrant disregard of the immigration laws so egregious that we affirmed his conviction on the facts, expressly reserving decision on whether defendants in other situations

---

**2.** We believe this situation is analogous to a charge under 18 U.S.C. § 751 for escape from imprisonment brought against a defendant serving a sentence which is claimed to be invalid. It has been uniformly held in the § 751 proceedings that a defendant may not contest the propriety of the underlying conviction. See *United States v. Pereira,* 574 F.2d 103, 106 n. 6 (2 Cir.), *cert. denied,* 439 U.S. 847, 99 S.Ct. 145, 58 L.Ed.2d 148 (1978) and cases cited therein.

**3.** We are also loathe to add a further avenue of attack on deportation orders, in view of the formidable administrative and judicial arsenal

available to litigants seeking review of such orders. The unconscionable delays in the deportation process that can be accomplished through imaginative "use" of the immigration laws is demonstrated by several cases in this Circuit. See, e.g., *Lok v. INS,* 681 F.2d 107, 107 (2 Cir.1982) (appellant lived in the United States for 23 years, eleven of them under deportation orders); *Pang Kiu Fung v. INS,* 663 F.2d 417, 418–19 (2 Cir.1981) (appellant flouted immigration authorities for 13 years and deportation proceedings stretched across a period of over 8 years).

could collaterally attack the underlying deportation on which a § 1326 prosecution is based. In doing so, however, we expressed the view that the statutory deportation procedures "may not envision judicial review of deportation orders in cases like that at bar," 574 F.2d at 105 n. 4. See also *United States v. Espinoza-Soto,* 476 F.Supp. 364, 366 (E.D.N.Y.1979), aff'd, 633 F.2d 207 (2 Cir.1980); *United States v. Mohammed,* 372 F.Supp. 1048, 1049 (S.D.N.Y.1973).

■ Apart from the question of whether the statutory scheme authorizes collateral attack, Petrella argues that an agency determination not subjected to judicial review may not, under the due process clause, conclusively establish an element of a criminal offense. He accordingly argues that he has a constitutional right to judicial review of the deportation order. We, however, agree with the Fifth Circuit's analysis in *United States v. Gonzalez-Parra,* 438 F.2d 694, 697–99 (5 Cir.), *cert. denied,* 402 U.S. 1010, 91 S.Ct. 2196, 29 L.Ed.2d 433 (1971), wherein the court held that there is no constitutional right to collateral attack in a § 1326 prosecution. See *United States v. Pereira,* 574 F.2d at 106 n. 7.

Accordingly, the appellant's conviction is affirmed.