No. 83–5053.   PETRELLA *v.* UNITED STATES.   C. A. 2d Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BLACKMUN joins, dissenting.

Petitioner was admitted to the United States in 1978 and obtained a 1-year trainee visa. Upon expiration of his visa, he failed to depart voluntarily and, after protracted deportation proceedings, was deported to Italy. Approximately one month later, petitioner attempted to cross the border at Highgate Springs, Vt. He was arrested and charged with violating 8 U. S. C. § 1326, which proscribes unauthorized entry or attempted entry into this country by one who "has been arrested and deported or excluded and deported."

Prior to trial, petitioner moved to dismiss the indictment on the ground that the earlier deportation proceedings had denied him due process. The District Court refused to review the earlier proceedings and denied the motion. Petitioner was found guilty by a jury and sentenced to a term of imprisonment of one year, all but 30 days of which was suspended. On appeal, the Court of Appeals for the Second Circuit affirmed petitioner's conviction,

holding that Congress did not intend to allow collateral attacks on deportation orders in § 1326 prosecutions.   707 F. 2d 64 (1983).

The question presented in this petition is unresolved.   In *United States* v. *Spector*, 343 U. S. 169 (1952), the Court expressly reserved decision on this precise issue because it had not been raised in the proceedings below.   Moreover, as the Court of Appeals in this case noted, the Courts of Appeals that have addressed the question of the permissibility of collateral attack are divided.   707 F. 2d., at 65.   Arguably supporting petitioner's position that collateral attack is permitted are: *United States* v. *Rangel-Gonzales*, 617 F. 2d 529, 530 (CA9 1980) ("deportations are subject to collateral attack"); *United States* v. *Bowles*, 331 F. 2d 742, 750 (CA3 1964) (deportation order may be attacked on ground that there is "no basis in fact for the Board's conclusion in respect to deportability" or there is "no warrant in law" for issuance of order).   Arguably supporting the Government's position that collateral attack is not permitted are: *United States* v. *De La Cruz-Sepulveda*, 656 F. 2d 1129, 1131 (CA5 1981) ("a defendant cannot collaterally attack the original deportation order"); *Arriaga-Ramirez* v. *United States*, 325 F. 2d 857, 859 (CA10 1963) ("a deportation cannot be collaterally attacked in a prosecution under 8 U. S. C. § 1326").   As a further reflection of the uncertainty in this area, both parties to this proceeding rely on *United States* v. *Rosal-Aguilar*, 652 F. 2d 721, 723 (CA7 1981) (agrees that collateral attacks are barred, but accepts the proposition that the Government must prove the underlying deportation to have been "based on a valid legal predicate and obtained according to law").

The issue presented in this case is one of considerable importance to the consistent enforcement of this Nation's immigration laws.   Accordingly, I would grant the petition to resolve the issue left open in *United States* v. *Spector*.