**UNITED STATES of America, Plaintiff,**

v.

**Tony Oranrewaju FADAHUNSI, a/k/a Larry O. Aremu Johnson, Defendant.**

**No. 85-38-Cr-King.**

United States District Court,
S.D. Florida,
Miami Division.

Dec. 9, 1987.

Peter Goldberg, Miami, Fla., for defendant.

## ORDER SETTING CAUSE FOR NEW TRIAL

JAMES LAWRENCE KING, Chief Judge.

Before the court is the June 10, 1987, 822 F.2d 63, judgment of the Eleventh Circuit vacating its prior order of November 14, 1986, 806 F.2d 1068. The June order remanded this case to the court for reconsideration. After reviewing the record of this case, the court orders a new trial.

Tony Oranrewaju Fadahunsi was tried before this court for a violation of 8 U.S.C. § 1326 (1984). This section prohibits the re-entry of any alien who enters, or attempts to enter, or is found in the United States after he has been deported, without first obtaining the express consent of the Attorney General. *Id.* Fadahunsi was deported in 1981, and several years later was arrested again in the United States. After a bench trial on May 8, 1985, the court convicted Fadahunsi for violating § 1326.

At trial, Fadahunsi challenged the legality of his 1981 deportation by questioning a witness about his 1981 warrant of deportation. The government objected, arguing that the previous deportation could not now be collaterally attacked. The court sustained the objection, and the defendant did not address the validity of his prior deportation.

In sustaining the government's objection, this court primarily relied upon the well-established Fifth Circuit case of *United States v. De La Cruz–Sepulveda,* 656 F.2d 1129 (5th Cir.1981). *De La Cruz–Sepulveda* held that an alien cannot collaterally attack an original deportation order in a subsequent prosecution for illegal entry. *Id.*

On November 14, 1986, the Eleventh Circuit found this court's reliance upon *De La Cruz-Sepulveda* to be proper. The Elev-

enth Circuit, therefore, affirmed Fadahunsi's conviction.

On May 26, 1987, the Supreme Court of the United States substantially changed the law with regard to § 1326 prosecutions. *See United States v. Mendoza–Lopez,* —— U.S. ——, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). The Court held that a prior "lawful" deportation is a material element of the § 1326 offense. *Id.* 107 S.Ct. at 2153. The Court found that due process requires a collateral challenge to the use of a deportation proceeding as an element of a criminal offense where the deportation proceeding effectively eliminates the right of the alien to obtain judicial review. *Id.* at 2154–2157. The fact that Mendoza–Lopez's first deportation hearing violated his due process supported the Court's holding. *Id.* at 2156.

After the *Mendoza–Lopez* opinion, the Eleventh Circuit vacated its opinion of November 14, 1986, which affirmed Fadahunsi's conviction. The Eleventh Circuit remanded this case to this court for reconsideration in light of *United States v. Mendoza–Lopez.*

This court cannot accept the government's position that Fadahunsi's conviction should be ratified without a new trial. The record does not indicate whether Fadahunsi's prior deportation was subject to judicial review. Accordingly, the court orders a new trial.

It is, therefore,

ORDERED AND ADJUDGED that this case is set for the three week trial calendar commencing February 22, 1988. Calendar call will be held at 2:00 p.m. on February 18, 1988 at the United States Courthouse, 301 N. Miami Avenue, Miami, Florida.

DONE AND ORDERED in chambers at the United States Courthouse, Federal Courthouse Square, Miami, Florida, this 9th day of December, 1987.