UNITED STATES of America

v.

Leroy Hastings **TROTT**, also known as Hastings Leroy Trott, also known as Leroy A. Trott, also known as Leroy Henry Trott, also known as Hadley Eugene Brangman.

Crim. No. 26456.

United States District Court
D. Maryland.

March 12, 1964.

———◆———

Thomas J. Kenney, U. S. Atty. and Arthur G. Murphy, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Francis X. Pugh, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

The indictment in this case charges:

"On or about October 29, 1963, at Baltimore, in the State and District of Maryland, [the defendant], an alien and British subject who had last been deported from the United States on or about October 2, 1962, was found to be in the United States wilfully and unlawfully in that he had not obtained permission from the Attorney General of the United States to reapply for admission."

By agreement, the trial was held before the Court without a jury. At the conclusion of the government's case, counsel for defendant presented a motion for judgment of acquittal under Rule 29(a), F.R.Crim.P., on the ground that the government had failed to prove wilfulness. The government took the position (A) that the allegation of wilfulness was surplusage, and need not be proved, and (B) that the evidence was sufficient to prove wilfulness.

At the request of the defendant, of counsel for the defendant and of counsel for the government, the Court heard testimony offered by the defendant, but the Court stated that in ruling on the motion for judgment of acquittal made at the end of the entire case it would consider also whether there had been sufficient evidence to convict at the conclusion of the government's case.

The statute upon which the indictment is based, 8 U.S.C.A. § 1326, provides:

"*Reentry of deported alien*
"Any alien who—

"(1) has been arrested and deported or excluded and deported, and thereafter

"(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be guilty of a felony, and upon conviction thereof, be punished by imprisonment of not more than

two years, or by a fine of not more than $1,000, or both."

In Lambert v. People of the State of California, 355 U.S. 225, 226, 228, 78 S. Ct. 240, 242, 2 L.Ed.2d 228, the Court said:

"We do not go with Blackstone in saying that 'a vicious will' is necessary to constitute a crime, 4 Bl. Comm. 21, for conduct alone without regard to the intent of the doer is often sufficient. There is wide latitude in the lawmakers to declare an offense and to exclude elements of knowledge and diligence from its definition."

In United States v. Alvarado-Soto, S. D.Cal., 120 F.Supp. 848, 850, dealing with the statute now under consideration, the Court said:

"The defendant asserts that the part of the statute with which we are concerned is vague in that it makes no mention of an act or omission to act on the part of the defendant. However, presence in the country itself is the conduct which Congress has seen fit to punish. This is not the first time that Congress has so seen fit, and speaking of a prior statute which made presence itself a crime the United States Supreme Court said 'it would be plainly competent for congress to declare the act of an alien in remaining unlawfully within the United States to be an offense punishable by fine or imprisonment'. Wong Wing v. United States, 1896, 163 U.S. 228, 16 S.Ct. 977, 980, 41 L.Ed. 140."

See also Chicago, B. & O. R. Co. v. United States, 220 U.S. 559, 578, 31 S.Ct. 612, 55 L.Ed. 582; Shevlin-Carpenter Co. v. Minnesota, 218 U.S. 57, 30 S.Ct. 663, 54 L.Ed. 930; United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604; United States v. Dotterweich, 320 U.S. 277, 284, 64 S.Ct. 134, 88 L.Ed. 48; and District of Columbia v. Brooke, 214 U.S. 138, 149, 29 S.Ct. 560, 53 L.Ed. 941.

So, an allegation of wilfulness in an indictment under 8 U.S.C.A. § 1326 is unnecessary, and would ordinarily be surplusage, which need not be proved. Gambill v. United States, 6 Cir., 276 F.2d 180, 181, and cases cited.

In this case, however, the government concedes that the allegation of wilfulness was deliberately included in the indictment, because of a ruling in an unreported case in the Southern District of California,[1] in which Judge Mathes held an indictment under 8 U.S.C.A. § 1326 insufficient because it did not allege wilfulness. The ruling seems to have been based upon the decision in Lambert v. People of the State of California, supra, which held a felon registration ordinance carrying criminal penalties unconstitutional as applied to a defendant who had no knowledge of his duty to register. In Lambert, however, after stating the general rule in the passage quoted above, the Court added: "But we deal here with conduct that is wholly passive—mere failure to register. It is unlike the commission of acts, or the failure to act under circumstances that should alert the doer to the consequences of his deed." 335 U.S. at 228, 78 S.Ct. at 243, 2 L.Ed.2d 228.

In the statute with which we are dealing, something more than "wholly passive" conduct is involved, namely, reentry into the United States after deportation. The word "found", as used in the statute, necessarily implies a reentry, open or surreptitious. This Court does not construe Lambert as prohibiting the enforcement of the literal provisions of this statute.

The government's proof in the instant case included evidence that defendant had once before been deported from the United States because he had reentered without the consent of the Attorney General after a previous deportation. It also included facts showing that defendant had reentered the United States this time under an assumed name, and had lied to the INS. These facts and the inferences which may properly be drawn from them

---

1. United States v. Alfonso Miranda-Cuarenta, No. 28910–CD.

are sufficient prima facie proof of wilfulness as well as of knowledge.

Defendant's own evidence did not help him. He testified that he had paid $20 and four bottles of rum to members of the crew of a British cruise ship to assist him in "stowing-away"; that he thought the ship was going to England, and was surprised to find himself in New York harbor, where the crewmen insisted that he go ashore. The evidence further shows, however, that defendant had more than $400 of American money and no British money with him and that he had a "girl friend" in New York whom he visited. Defendant also admitted that he knew he could not legally reenter the United States without the permission of Attorney General Kennedy.

The motions for judgments of acquittal at the end of the government's case and at the end of the whole case are hereby denied. The Court finds defendant guilty as charged.