**UNITED STATES of America**

v.

**Kwok Piu KWUN, Appellant.**

**No. 71-1717.**

United States Court of Appeals,
Third Circuit.

Submitted Jan. 28, 1972.

Decided Feb. 16, 1972.

George Gershenfeld, Philadelphia, Pa., for appellant.

Barry W. Kerchner, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, HASTIE and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

In this deportation proceeding it was proven on behalf of the United States of America that appellant, a native and citizen of the Republic of China, first illegally entered the United States about November 23, 1963. He came into Port Newark, New Jersey, as a crewman on a ship from Hong Kong. He left the ship the second day after its arrival in Newark. In July 1964 he voluntarily went to the Immigration office at Newark regarding his situation. In August 1964 he was given a hearing and allowed some time in which to leave voluntarily. He remained in this country until sometime in 1968 when deportation proceedings were had against him and he was ordered deported. Obeying the order he returned to Hong Kong at his own expense. It was in strict accordance with Title 8, U.S.Code, Section 1101(g) that appellant left the United States. See Mrvica v. Esperdy, 376 U.S. 560, 563–564 F.N. 4, 84 S.Ct. 833, 11 L.Ed.2d 911 (1964); United States v. Maisel, 183 F.2d 724 (3 Cir. 1950); Chen v. Immigration and Naturalization Service, 418 F.2d 209 (8 Cir. 1969).

Appellant remained in Hong Kong until February 1969 when he signed on an unnamed ship as a deckhand. That ship with appellant aboard came into Montreal, Quebec August 21, 1969. Appellant went ashore and the ship left Montreal without him. On August 24, 1969, in Montreal, he made an arrangement with a man to take him to New York by automobile. At the American border his automobile driver told him to lie down on the rear seat. He did this while the driver talked with the border authority. Appellant said that they were stopped for only a few seconds. Appellant arrived in New York and lived four months in a hotel near New York's Chinatown. After that he was employed in a Newark restaurant for four weeks. He then went to Philadelphia in October 1969 and obtained work there from a former employer.

On December 2, 1969 appellant was served with an arrest warrant and an order to show cause why he should not be deported as an alien who has been arrested and deported with no consent by the proper authority to apply or to reapply for admission to the United States. A statutory hearing was held December 10, 1969 and appellant ordered deported for violation of 8 U.S.C. § 1326 in reentering the United States without applying for admission and receiving the express consent thereto by the Attorney General of the United States. See United States v. Trott, 227 F.Supp. 448 (D. C.Md.1964).

It is crystal clear that the decision of the district court is soundly based upon the above indisputable facts and law. The judgment of the district court will be affirmed.

We note that appellant is a hard working person, of general, deservedly good reputation, who has had a strong desire to live and work in these United States. It would seem that he has been the victim of bad advice, not from American attorneys, but from his own people. It may well be too late for him to petition the United States District Attorney for the Eastern District of Pennsylvania representing the Attorney General of the United States, for the latter's consent to apply for admission to the United States. However, if appellant is still of the same mind it might be worth while for him to so try.