**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Luis FARIAS–ARROYO,
Defendant-Appellant.**

**No. 75–2830.**

United States Court of Appeals,
Ninth Circuit.

Dec. 29, 1975.

Charles H. Barr, Kennewick, Wash., for defendant-appellant.

Robert S. Linnell, Asst. U. S. Atty., Yakima, Wash., for plaintiff-appellee.

OPINION

Before KOELSCH and HUFSTEDLER, Circuit Judges, and ORRICK,* District Judge.

PER CURIAM:

This is an appeal from a judgment of conviction for violation of 8 U.S.C. § 1326 proscribing the presence in the United States of an alien "who has been arrested and deported," unless he first obtains permission from the Attorney General to re-enter.

The only significant question we face is whether the government proved, as the statute requires, that appellant was "arrested and deported." The facts are these:

Appellant was discovered illegally in this country in October of 1973. An order to appear and show cause why he should not be deported was issued, and a deportation hearing was held on January 30, 1974. Appellant was found deportable. A warrant of deportation (Form I–205) was issued, and appellant was notified thereof. On March 19, 1974, appellant voluntarily presented himself to immigration officials at the Mexican border, turned over to them the deportation letter served on him (Form I–166), and left the country. He was thereafter found in this country in January of 1975.

Throughout the proceedings brought to deport him, appellant was never physically detained in custody, and he now contends he was never "arrested." We follow the Fifth Circuit, for the reasons set forth in *United States v. Wong Kim Bo,* 466 F.2d 1298 (5th Cir. 1972), *opinion on rehearing,* 472 F.2d 720, in holding that the statutory term "arrest" does not necessarily contemplate pre-deportation physical detention, and that, within the statutory and regulatory scheme,

"before criminal sanctions can be imposed for re-entry after arrest and deportation, it must be shown that the

* The Honorable William H. Orrick, Jr., United States District Judge for the Northern District of California, sitting by designation.

INS followed 8 C.F.R. § 243.1 and issued a Warrant of Deportation. That is sufficient restraint on liberty to constitute an 'arrest,' even without custodial manhandling and physical restraint, as we explained in our original opinion." 472 F.2d at 723.

The government established here that a warrant of deportation was issued,[1] and consequently appellant's contention is without merit.[2]

Affirmed.

---

1. Appellant's objection to the admission of the INS files on grounds of non-compliance with F.R.Civ.P. 44 is frivolous—the records admitted here are originals, not copies. And the fact that there may be more compelling or conclusive evidence of authenticity available does not render properly admissible, probative records inadmissible.

2. Appellant's remaining contentions lack merit and require little discussion. Appellant presented nothing sufficient to put into question the lawfulness of the presumptively valid prior deportation order. No triable issue requiring a general intent instruction regarding the voluntariness of appellant's presence in the country was presented. And finally, considering appellant's counsel's persistent inability to confine himself to the legal issues involved, we think the district judge was commendably patient, tolerant and unbiased.