UNITED STATES of America, Appellee,

v.

Juan CABRERA–QUINTERO, Appellant.

No. 80–1871.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1981.

Decided June 12, 1981.

Rehearing and Rehearing En Banc Denied July 23, 1981.

Kenneth D. Koester, St. Louis, Mo., for appellant.

James H. Reynolds, U. S. Atty., N. D. Iowa, Cedar Rapids, Iowa, for appellee.

Before BRIGHT, Circuit Judge, GIBSON, Senior Circuit Judge, and HENLEY, Circuit Judge.

---

## PER CURIAM.

Juan Cabrera-Quintero appeals from the district court's[1] denial of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255. Appellant, an alien, pled guilty to a charge of entering the United States without authorization after he had been previously deported, in violation of 8 U.S.C. § 1326. In his § 2255 motion to vacate his conviction under § 1326, appellant asserts: (1) that he was not deported according to law as required by § 1326, in that the Immigration and Naturalization Service did not follow its own rules in the deportation proceedings; and (2) that his guilty plea was the product of ineffective assistance of counsel, in that his counsel did not advise him that a collateral attack on his deportation was a defense. The district court rejected appellant's claims, holding that the underlying deportation could not be collaterally attacked in a § 1326 prosecution.

Although recognizing that there was considerable support for appellant's position,[2] the district court held that Congress did not intend to allow a collateral attack upon a deportation in a § 1326 prosecution.[3] The district court used as its touchstone the recent decision by the Supreme Court in *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), which held that the invalidity of the prior felony conviction is not a defense to a charge of violating 18 U.S.C.App. § 1202(a)(1).[4] Following the analytical approach used by the Supreme Court in *Lewis*, the district court found that: (1) on its face § 1326 does not limit its application to aliens who have been deported according to law; (2) there is no provision as in 18 U.S.C. § 3575(e) and 21 U.S.C. § 851(c)(2) authorizing collateral attack; (3) the statutory scheme as it appears in § 1105a expresses a congressional intent to limit review of deportation orders to direct or habeas review prior to indictment under § 1326; (4) there is a need to give finality to deportation orders; and (5) there is a lack of legislative history which would require a different interpretation.

We hold that the validity of the original deportation is not a matter that is cognizable under § 2255. Allegations of government misconduct in pretrial matters that do not amount to a denial of a fair trial generally cannot be raised under § 2255. "It is firmly established that § 2255 cannot be used as a substitute for direct appeal from a conviction." *Houser v. United States*, 508 F.2d 509, 513 (8th Cir. 1974). Whether the validity of the original deportation could have been raised on direct appeal is another question. *See* notes 2 & 3, *supra*.

We also find that counsel for Cabrera-Quintero rendered satisfactory service.

Affirmed.

---

**1.** The Honorable Donald E. O'Brien, United States District Judge, Northern District of Iowa.

**2.** *United States v. Rangel-Gonzales*, 617 F.2d 529 (9th Cir. 1980); *United States v. Calderon-Medina*, 591 F.2d 529, 530 (9th Cir. 1979); *United States v. Gasca-Kraft*, 522 F.2d 149, 152 (9th Cir. 1975); *United States v. Bowles*, 331 F.2d 742, 750 (3d Cir. 1964).

**3.** For cases denying collateral attacks of a deportation in a § 1326 prosecution, *see United States v. Gonzalez-Parra*, 438 F.2d 694 (5th Cir.), *cert. denied*, 402 U.S. 1010, 91 S.Ct. 2196, 29 L.Ed.2d 433 (1971); *Arriaga-Ramirez v. United States*, 325 F.2d 857 (10th Cir. 1968); *United States v. Bruno*, 328 F.Supp. 815 (W.D. Mo.1971). *See also United States v. Pereira*, 574 F.2d 103, 110 (2d Cir.), *cert. denied*, 439 U.S. 847, 99 S.Ct. 145, 58 L.Ed.2d 148 (1978).

**4.** *See also United States v. Pereira, supra*, at 106; and *United States v. Bruno, supra*, at 824–25, which cite as analogous the rule that the invalidity of the underlying conviction is not a defense to a charge of escape, 18 U.S.C. § 751.