**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Mahmoud Mansour HUSSEIN (81–1085), Esteban Aguirre-Flores (81–1220), Defendants-Appellants.**

**Nos. 81–1085, 81–1220.**

United States Court of Appeals, Sixth Circuit.

Argued March 8, 1982.

Decided April 9, 1982.

Rehearing and Rehearing En Banc Denied June 15, 1982.

Appeal, sitting by designation.

Thomas V. Wilhelm, Mariam L. Siefer, William L. Woodard, Deputy Federal Defender, Darwyn P. Fair, Deputy Federal Defenders, Detroit, Mich., for defendants-appellants.

Richard A. Rossman, U. S. Atty., Sheldon N. Light, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before ENGEL and KENNEDY, Circuit Judges, and BALLANTINE, District Judge.[*]

PER CURIAM.

In each of these appeals, the defendant was convicted following a jury trial of entry into the United States after deportation without permission from the Attorney General, an offense under 8 U.S.C. § 1326 carrying a maximum penalty of two years in prison. The appeals raise the single question whether the trial judge erred in instructing the jury on the elements of the offense charged without including therein a request to charge that the defendant, to be convicted, must be found to have entered the United States with the specific intent not only of entering the United States, but also of doing so while specifically aware of the illegality of entering without the prior approval of the Attorney General.[1]

■ The reentry statute, 8 U.S.C. § 1326, provides:

Any alien who—

(1) has been arrested and deported or excluded and deported, and thereafter

(2) enters, attempts to enter, or is at any time found in the United States, unless (A) prior to his reembarkation at a place outside the United States of his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be guilty of a felony, and upon conviction thereof, be punished by imprisonment of not more than two years, or by a fine of not more than $1,000, or both.

The statute includes no requirement of specific intent. Appellants claim, however, that Congress did not intend section 1326 to state a *"malum prohibitum,"* or public welfare offense, where strict liability is appropriate. Instead, they assert that the section is akin to *mala in se* offenses, usually based on common law crimes, where a specific intent requirement is incorporated into a definition of the offense. *Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

■ Although there is some suggestion in the proposed jury instructions in Devitt & Blackmar, *Federal Jury Practice and Instructions,* § 26.08 (3d Ed. 1977), that specific intent is required for a conviction under section 1326, the only circuit which has thus far addressed the issue has concluded it is not. *Pena-Cabanillas v. United States,* 394 F.2d 785 (9th Cir. 1978). In that case, the Ninth Circuit found several reasons supporting this construction. First, it found the statute was promulgated as a regulatory measure pursuant to Congress' plenary power over aliens. By viewing the relevant statutory history, it found further there was no evidence of Congressional intent to include an intent requirement. It noted that several sections of the Act included such a requirement. Given that the Act was the final product of a complete investigation, the Ninth Circuit concluded "it would be absurd ... to think that Congress inadvertently left intent out of section 1326." *Pena-Cabanillas, supra,* 394 F.2d at 785.

---

[*] Honorable Thomas A. Ballantine, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

[1.] Hussein was convicted in a second trial following a mistrial. In the first suit, the jury was instructed that such specific intent was an element of a section 1326 offense. The jury was unable to reach a verdict. In the second trial, that jury instruction was deleted following a Government motion. There similarly was no specific intent instruction in the Flores trial.

We agree with this conclusion and find the Government need not prove specific intent, that is, that appellants knew they were not entitled to reenter the country without the permission of the Attorney General. It follows that the trial judges were not required to instruct the jury to that effect. We therefore adopt for our circuit, the reasoning of the Ninth Circuit as expressed by Circuit Judge Carter in *Pena-Cabanillas v. United States, supra,* and the judgment of the District Court in each of the foregoing appeals is therefore AFFIRMED.