**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Oscar Leonardo HERNANDEZ,
Defendant-Appellant.**

No. 82–1213.

United States Court of Appeals,
Tenth Circuit.

Nov. 22, 1982.

Certiorari Denied Feb. 22, 1983.
See 103 S.Ct. 1231.

Adele Graham, Espanola, N.M., and David A. Graham, for defendant-appellant.

Bruce C. Lubeck, Salt Lake City, Utah (Brent D. Ward, U.S. Atty., and Stewart C. Walz, Asst. U.S. Atty., Salt Lake City, Utah, with him on the brief), for plaintiff-appellee.

Before SETH, LOGAN and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Defendant Hernandez, an alien, was found in the United States after four previous arrests and deportations and charged by indictment with violation of 8 U.S.C. § 1326. A jury found him guilty. He appeals from the judgment imposing sentence. We affirm.

A native of Honduras, defendant was deported from the United States on four occasions: April 12, 1978, July 12, 1979, May 13, 1980, and June 6, 1981. He was found in Salt Lake City, Utah, on November 25, 1981, taken into custody, and indicted. With exceptions not here pertinent, § 1326 provides that: "any alien who has been arrested and deported . . . and thereafter enters, attempts to enter, or is at any time found in, the United States . . . shall be guilty of a felony." .

We note that the record does not contain a complete trial transcript. See Reporter's certificates at Tr. p. 63 and Supp. Volume I, p. 4. As is usually the case, difficulties arise when we are not provided a complete trial transcript.

■ Counsel for the government and the defendant stipulated that the defendant was deported on the four occasions above mentioned. Defendant argues that the statute requires both arrest and deportation and that the record does not show any previous arrest. The elements of a § 1326 violation are (1) an alien, (2) who has been arrested, and (3) deported, and (4) thereafter is found in the United States, (5) without the Attorney General's consent for readmission. We agree that arrest is essential to conviction.

■ The applicable regulations of the Immigration and Naturalization Service, INS, provide for a final order of deportation, 8 C.F.R. § 243.1, and the issuance of a warrant based on such order. Id. § 243.2. By stipulation the warrants issued in connection with the four mentioned deportations were received in evidence. Government Exhibits 4, 8, 9, and 10. With the exception of the 1980 deportation, the signature of the defendant appears on the reverse side of each warrant. INS agent James testified that the defendant had been deported four times and that he, James, was the arresting officer on each occasion, Tr. p. 39.

The four exhibits each contain a letter to defendant on INS Form I–294 in both English and Spanish, telling him what he must do if he wishes to return to the United States and advising him that return without permission is a felony. The Warrant of Deportation is on INS Form I–205. INS followed 8 C.F.R. § 243.1 and issued a Warrant of Deportation under § 243.2. As said in *United States v. Wong Kim Bo*, 5 Cir., 472 F.2d 720, 723:

"That is sufficient restraint on liberty to constitute an 'arrest,' even without custodial manhandling and physical restraint . . . ."

See also *United States v. Farias-Arroyo*, 9 Cir., 528 F.2d 904, 905.

■ Defendant argues that the four deportations were unlawful because he was not advised of his right of asylum. The government says that the validity of the

prior deportations may not be collaterally attacked in these criminal proceedings. Section 1158, 8 U.S.C., provides for the Attorney General to establish procedures for the grant of asylum to a refugee. Section 1101(a)(42)(A) defines "refugee" as one who has a well-founded fear of persecution.

Nothing in the record shows that defendant ever claimed the right to asylum. Statements to the contrary in his brief are supported only by references to his motion for release pending appeal and his counsel's memorandum in support of that motion. See R. Vol. I, pp. 74–78. The memorandum says that defendant has "walked and hitch-hiked from Central America to Salt Lake City on five different occasions, even though he was forbidden to do so by federal authorities;" that citizens in the Salt Lake community have "expressed support for this defendant and have offered to give him shelter and support;" and that a newspaper editorial says that defendant has earned "the right to stay regardless of the statutes and Immigration and Naturalization Service policy."

Nothing in the record shows that defendant ever asserted to an INS agent or official a request for asylum. Defendant did not testify at the trial. In the trial court proceedings defendant did not attack the validity of any of his four prior deportations. The most that is shown is his desire to live in the United States. We recognize that the circuits are split on whether and how collateral attack on prior deportations may be made in § 1326 criminal proceedings. See e.g., *United States v. Calderon-Medina,* 9 Cir., 591 F.2d 529; and *United States v. Rosal-Aguilar,* 7 Cir., 652 F.2d 721 (permitting collateral attack on the facts presented); and *United States v. De La Cruz-Sepulveda,* 5 Cir., 656 F.2d 1129, and *United States v. Cabrera-Quintero,* 8 Cir., 650 F.2d 942 (contra).

In a case presenting a different factual situation, *Arriaga-Ramirez v. United States,* 10 Cir., 325 F.2d 857, 859, we said that a deportation cannot be collaterally attacked in a § 1326 proceeding. In *United States v. Spector,* 343 U.S. 169, 172–173, 72

S.Ct. 591, 593–94, 96 L.Ed. 863, the Court declined to decide whether the validity of a deportation order may be tried in a criminal proceeding. In *Lewis v. United States,* 445 U.S. 55, 67, 100 S.Ct. 915, 921–22, 63 L.Ed.2d 198, the Court held that the invalidity of a prior felony conviction is not a defense to a charge of violation of 18 U.S.C. App. § 1202(a)(1).

The collateral attack issue was not raised in the trial court and cannot be considered in the court of appeals, *Christiansen v. Farmers Ins. Exchange,* 10 Cir., 540 F.2d 472, 477. We have applied that principle in two deportation cases. *Skelly v. Immigration and Naturalization Service,* 10 Cir., 630 F.2d 1375, 1382, and *Burquez v. Immigration and Naturalization Service,* 10 Cir., 513 F.2d 751, 754. The record presented contains nothing to justify consideration of the legality of the four prior deportations. The issue was not presented to the district court and, on the record before us, nothing raises any doubt of the validity of the prior deportations.

■■■ INS agent James spoke and understood Spanish but was not a qualified interpreter or translator. He testified that at a March, 1981, hearing before a magistrate the defendant was represented by counsel. He, James, translated a statement by Hernandez thus, Tr. p. 6: "He said that he didn't care what the judge done, that he was going to return to the United States after we sent him back to Honduras." Defendant presented no testimony attacking the accuracy of that translation. The record contains no transcript of the hearing before the magistrate. James' lack of skill as an interpreter or translator goes only to the weight to be given his testimony. It was properly received as bearing on defendant's intent. Defendant also complains of James' translation of a document which defendant gave the agent on the occasion of his first arrest. The document was introduced in connection with the defense cross-examination of James. A copy of the original was received in evidence as defense Exhibit A. James testified on cross-examination as to his translation of the letter,

and the defense offered no contrary evidence. The defendant cannot now complain of a matter which he raised in his defense.

■ Defendant called as witnesses two Catholic priests to testify in support of the defense claims of intent and knowledge. The proffered evidence related to conditions in defendant's homeland and inconsistent enforcement of the immigration laws. On voir dire each witness admitted that he did not know the defendant and had no knowledge of his intent to enter the United States. Rule 602, F.R. Evidence, requires personal knowledge to sustain testimony admissibility. The court did not abuse its discretion in rejecting the proffered testimony on the grounds of irrelevancy. See Rule 401 defining "Relevant Evidence" and *Hackbart v. Cincinnati Bengals, Inc.,* 601 F.2d 516, 525–526, cert. denied, 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 188.

■ Defendant argues that the evidence is insufficient because it does not show a specific intent of the defendant to enter the country illegally. Section 1326 contains no requirement of specific intent. Nothing of which we are aware in the legislative history of that statute indicates that Congress required specific intent as an element of the crime. *Pena-Cabanillas v. United States,* 9 Cir., 394 F.2d 785, 789. Accordingly, the government need not prove that defendant knew he was not entitled to reenter the United States without the permission of the Attorney General. Id. at 790.

■ We note that Devitt & Blackmar, Federal Jury Practice and Instructions, 3rd Ed., Vol. 1, § 26.08, seems to suggest that proof of specific intent is required to convict under § 1326. In *United States v. Hussein,* 6 Cir., 675 F.2d 114, 115–116, the court disapproved the suggested instruction. We agree with the analysis and decision in that case. In any event four deportations and reentrys support a reasonable inference that his acts were willful and knowing.

The many tortuous arguments of the defense relating to the instructions merit no discussion. The record does not contain the instructions as given and shows no objections as required by Rule 30, F.R.Crim.P. The record includes the parties' requests for instructions with various notations by some one such as "given" or "covered." The failure to object forecloses appellate consideration in the absence of plain error affecting substantial rights. Rule 52(b), F.R. Crim.P.; *Beasley v. United States,* 10 Cir., 327 F.2d 566; and *United States v. Harper,* 10 Cir., 579 F.2d 1235, 1239, cert. denied, 439 U.S. 968, 99 S.Ct. 459, 58 L.Ed.2d 427.

We find nothing in the case, as presented to us on a partial record, which shows plain errors or defects affecting substantial rights which should be noticed under Rule 52(b). With regard to competence of counsel, nothing shows a violation of the "reasonably competent" standard established by *Dyer v. Crisp,* 10 Cir., 613 F.2d 275, 278, cert. denied, 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779. The partial record shows that the trial court exercised care in the protection of defendant's rights. We are convinced that he had a fair trial.

Affirmed.