635 F.Supp. 845 (1986)
UNITED STATES of America, Plaintiff,
v.
Francis Abu ABOKHAI, Defendant.
No. 86-41CR(6).
United States District Court, E.D. Missouri, E.D.
June 6, 1986.
*846 Frederick J. Dana, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.
Robert Rice, Belleville, Ill., for defendant.

MEMORANDUM OPINION
GUNN, District Judge.
This particular proceeding against the defendant involves the criminal charge of being an alien arrested and deported from the United States and a subsequent unlawful reentry, in violation of Title 8 U.S.C. § 1326.
Initially, defendant was charged in a two count indictment. Count I was for a Title 21, U.S.C. § 841(a)(1) controlled substance violation. This proceeding  Count II  is for the unlawful reentry.
Defendant's motion for severance of the two counts and request for a non-jury trial on Count II were granted. These findings and conclusions of law follow the jury-waived trial. The judgment of the Court based on the findings of fact and conclusions of law is that defendant is guilty as charged in Count II.
The statute involved is Title 8 U.S.C. § 1326 which provides:
Any alien who 
(1) has been arrested and deported or excluded and deported, and thereafter
(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this Chapter or any prior Act.
The Government's evidence was presented through Andrew Nutis, Assistant Officer in Charge of the St. Louis District of the U.S. Immigration and Naturalization Service and an Immigration Service employee for 20 years.
On February 9, 1986, defendant was arrested by officers of the St. Peters, Missouri police department for the circumstances leading to the charge under Count I previously referred to. As a result of the arrest, Officer Nutis came into possession of defendant's immigration file which established the following facts pertaining to this case.
Defendant is a native born citizen of Nigeria, his home city being Lagos, Nigeria.
In August 1984 defendant's student visa for Lincoln University in Jefferson City, Missouri had expired and he made application before immigration officials for authorization to remain, or for admission to the United States. On September 14, 1984, an exclusion hearing was held before an immigration judge. Application for admission was denied by order of the judge, but defendant was allowed to withdraw his application and was given the opportunity to leave the United States before December 10, 1984 and make application for another *847 visa with the U.S. consulate in his home city of Lagos, Nigeria. Specific provision in the immigration hearing judge's order was that defendant must depart the United States by December 10, 1984 or be excluded and deported without further hearing. Copy of the order was given to defendant.
Defendant failed to depart as required. However, on March 18, 1985, he appeared at the Kansas City, Missouri office of the U.S. Immigration and Naturalization Service to inquire about his status as an alien. By virtue of the immigration judge's exclusion order of September 14, 1984, defendant was detained and subsequently transported to New York City for deportation on April 4, 1985. Government exhibit entitled "Notice to Alien Ordered Excluded by Immigration Judge and Record of Exclusion and Deportation" was signed by defendant, and he was physically deported.
On April 26, 1985, defendant made new application for a visa with the U.S. Vice Consul in Lagos, Nigeria. In the application, defendant made specific allegation that he had never been deported from the United States.
The Government also established by certified record that defendant had never made application for permission from the Attorney General for reentry into the United States, and no such permission has ever been granted.
The Government's charge is that on the night of his arrest on February 9, 1986 in conjunction with the Count I charge, defendant was an alien who had been deported and who had subsequently illegally reentered the United States.
Defendant's theory was that he did not understand that he was being deported on April 4, 1985. He testified that he did not receive a copy of the exclusion and deportation order, although his signature on the order clearly refutes this allegation. He also suggests that the visa issued by the U.S. Consulate in Lagos, Nigeria after his deportation, based on his representation that he had never been deported, provided lawful reentry for him.

Discussion
In a prosecution under 8 U.S.C. § 1326, prescribing reentry of deported aliens, the Government must prove beyond a reasonable doubt that:
1) the defendant is an alien; and
2) he was deported from the United States; and
3) he reentered the United States without the express consent of the Attorney General of the United States. United States v. Anton, 683 F.2d 1011, 1016 (7th Cir.1982).
There is a split among the circuits as to whether the government must also prove specific intent with respect to the third element, i.e., that the defendant knew he was not entitled to reenter the country. See Pena-Cabanillas v. United States, 394 F.2d 785, 788-90 (9th Cir.1968) (specific intent is not a requirement); United States v. Hernandez, 693 F.2d 996, 1000 (10th Cir.1982) (same); United States v. Hussein, 675 F.2d 114 (6th Cir.1982) (same), cert. denied, 459 U.S. 869, 103 S.Ct. 154, 74 L.Ed.2d 129 (1983); United States v. Anton, 683 F.2d at 1017 (there is some mental state requirement for the third material element of § 1326. Thus a defendant who has an objectively reasonable belief that he actually had received the permission of the Attorney General to reenter the country would have a viable defense). This issue, raised by defendant at trial, need not be reached in the present case, because, as set out below, the Court finds that the defendant did not, nor could he reasonably believe that he entered the United States legally.
The circuits are also divided on whether the validity of a prior deportation can be collaterally attacked in a § 1326 criminal proceeding.[1] This issue  inferentially *848 raised by defendant  need not be decided under the facts of this case, because the Court finds, as set out below, that defendant received a copy of the deportation and exclusion notice and knew he had been deported. No other basis for challenging the legality of the prior deportation is suggested.

Findings of Fact
The defendant, an alien, was born in Lagos, Nigeria on October 25, 1958. He does not dispute that he was the subject of the exclusion proceedings on September 14, 1984 and that the decision of the immigration judge allowed him additional time to December 10, 1984 to solve the problem with the documents which would permit him to enter the United States. He disputes that he ever received a copy of the Government's document which states that he was deported on April 4, 1985, following his appearance at a U.S. Immigration Office in Kansas City, Missouri on March 18, 1985. His signature affixed to the document establishes otherwise. He admits to filling out the application for a new visa at the U.S. Consulate in Lagos, Nigeria on April 26, 1985 but states that he did not understand the deportation order or the fact that he was being deported, although he had to know that it was not for pleasure or whim that he was being flown from New York to Nigeria.
The defendant testified that he believed that his application of April 26, 1985 for a new visa and the granting of a visa by the American Consulate in Lagos, Nigeria was the requisite permission to enter the United States. But this testimony is discredited by defendant's failure to advise the consul that he had previously been deported. In fact, defendant gave contrary written advice to the consul by marking on the visa application that he had not been deported from the United States.
The Court finds that the defendant received a copy of the deportation and exclusion notice. This notice also contains two references to the need for reentry permission from the Attorney General. It provides:
An immigration judge has ordered that you be excluded from admission into the United States, and that you be deported from the United States.
If after your deportation is effected, you desire to reenter the United States within one year from the date of such deportation, you must, prior to commencing your travel to this country, request permission from the Attorney General to reapply for admission into the United States. Application forms for requesting such permission may be obtained by contacting any United States Consulate or office of the United States Immigration and Naturalization Service. Your reentry within one year of the date of your deportation without the express permission of the Attorney General will subject you to prosecution as a felon and, if convicted therefor, you could be sentenced to imprisonment for not more than two years or fined not more than $1000, or both. (Emphasis added.)
The Court finds that the defendant understood the deportation proceedings and the above notice, and that defendant did not nor could not reasonably believe that he had obtained the requisite permission from the Attorney General to enter the United States.

Conclusions of Law
It is the conclusion of this Court that the government proved beyond a reasonable doubt that defendant Francis Abu Abokhai:
1) is a Nigerian citizen and an alien;
2) that he was lawfully deported from the United States on April 4, 1985;
3) that he did not apply for or receive the express consent of the Attorney General of the United States to reenter the United States;
4) that he knew he did not have the consent of the Attorney General of the United States to reenter the United States;
*849 5) that he was found in the United States on February 9, 1986 as a result of his arrest by members of the St. Peters police department in St. Charles County, Missouri; and
6) that he knowingly and voluntarily waived his right to a trial by jury on this charge.
For the foregoing reasons, it is adjudged that the defendant is hereby guilty as charged in Count II of the indictment of violating Title 8, U.S.C. § 1326.
NOTES
[1] For cases denying collateral attacks of a deportation in a § 1326 prosecution, see United States v. Gonzalez-Parra, 438 F.2d 694 (5th Cir.), cert. denied, 402 U.S. 1010, 91 S.Ct. 2196, 29 L.Ed.2d 433 (1971); Arriago-Ramirez v. United States, 325 F.2d 857 (10th Cir.1963). For cases allowing such a collateral attack, see United States v. Rangel-Gonzales, 617 F.2d 529 (9th Cir.1980); Unitred States v. Bowles, 331 F.2d 742 (3rd Cir.1964). In United States v. Cabrera-Quintero, 650 F.2d 942 (8th Cir.1981), the Eighth Circuit specifically did not decide this question.