UNITED STATES of America,
Plaintiff–Appellee,

v.

Victor Salomon MIRANDA–ENRIQUEZ,
Defendant–Appellant.

No. 87–1286.

United States Court of Appeals,
Tenth Circuit.

March 28, 1988.

Stephen P. McCue, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

David N. Williams, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., and Don J. Svet, First Asst. U.S. Atty., with him on the brief), for plaintiff-appellee.

Before LOGAN, ANDERSON, and TACHA, Circuit Judges.

TACHA, Circuit Judge.

Defendant Victor Salomon Miranda–Enriquez appeals from a jury conviction for illegal entry into the United States after deportation in violation of 8 U.S.C. § 1326. Under that statute it is a felony for any alien who has been arrested and deported to thereafter enter or subsequently be found in the United States, unless he has obtained permission for reentry from the Attorney General or he demonstrates that such permission was not required. 8 U.S. C. § 1326.

Miranda, a Mexican citizen, was deported from the United States in September 1985. In October 1986, when he returned to the United States to visit his family, border patrol agents checked his identification and permitted him to cross the border. Miranda was subsequently arrested while driving his pickup truck in Albuquerque, New Mexico.

The defendant contends that conviction under the statute requires proof of "general criminal intent to violate the law" and that he should have been allowed to base his defense upon his mistaken belief that he was lawfully present in the United States. Essentially, the defendant argues that an intent to break the law is an element of section 1326. We have often referred to this type of intent as "specific intent."

In *United States v. Hernandez*, we held that "the government need not prove that the defendant knew he was not entitled to reenter the United States without the permission of the Attorney General." 693 F.2d 996, 1000 (10th Cir.1982), *cert. denied*, 459 U.S. 1222, 103 S.Ct. 1231, 75 L.Ed.2d 464 (1983). In that case we rejected a contention that proof of specific intent is required to convict under section 1326. We noted additionally that "[i]n any event four deportations and reentrys support a reasonable inference that [defendant's] acts were willful and knowing." *Id.*

Miranda apparently reads this statement to implicitly require some showing of what he calls "general criminal intent" under section 1326 and argues that because his case lacks evidence of "four deportations and reentrys," no inference of "general criminal intent" is appropriate. Defendant's argument is based on a contention that there is some difference between the "specific intent" requirement this court found inapplicable under section 1326 in *Hernandez* and "general criminal intent." We made no such distinction in *Hernandez* and we reject it here.

■ We merely said in *Hernandez* that even if something more than an intent to act (general intent) were required, that standard would have been met. However, nothing more than a showing of general intent is required. We reiterate the holding of *Hernandez* that the government need not show that defendant willfully and knowingly engaged in *criminal* behavior, but only that the defendant's *acts* were willful and knowing—that the defendant willfully and knowingly reentered the United States and that he did so without the Attorney General's permission.

Our approach is similar to that taken by the Ninth Circuit in *Pena–Cabanillas v. United States*, 394 F.2d 785, 790 (9th Cir. 1968). In that case the court recognized that even though section 1326 requires no showing of specific intent, "[t]here still must be the general intent to do the prohibited act, to-wit enter." *Id.* at 790. "Obviously if appellant was drugged and carried across the line, he would not be guilty of the offense." *Id.; see also United States v. Anton*, 683 F.2d 1011, 1022 (7th Cir.1982) (Posner, J., dissenting).

■ To secure a section 1326 conviction the government must be prepared to show that the defendant's *acts* were intentional. No intent to break the law—whether characterized as "specific intent" or "general criminal intent"—must be proved. Miranda does not dispute that he voluntarily reentered the United States, nor does he dispute that he did so without the Attorney General's permission. He also concedes that he is an alien who had been arrested and deported. Therefore the government has established each of the elements required for a section 1326 conviction.

 The defendant also argues that the trial court erred in (1) refusing to instruct the jury that Miranda's reasonable, albeit mistaken, belief that he was lawfully present in the United States was a defense to a section 1326 charge, and (2) limiting Miranda's attempt to present that defense through testimony about his intent and state of mind. These contentions hinge on the success of Miranda's assertion that section 1326 contains a criminal intent element. Because "a mistake defense is possible only if there is some 'mental state required to establish a material element of the crime' that the mistake can negate," *United States v. Anton*, 683 F.2d 1011, 1013 (7th Cir.1982) (quoting W. LaFave & A. Scott, *Criminal Law* 356 (1972)), a mistake instruction is required and a mistake defense is appropriate only if criminal intent plays a part in the crime charged. We have held that it does not. Thus, neither the requested instruction nor the attempted defense are appropriate here. Accordingly, we reject these contentions relating to jury instructions and the defendant's testimony.

The defendant relies on *Anton* for the proposition that mistake is a valid defense to a section 1326 prosecution. The Seventh Circuit in *Anton* held that criminal intent *is* an element of section 1326. However, as explained above, this circuit has adopted a different rule. *Hernandez*, 693 F.2d at 1000. Miranda's reliance is therefore misplaced.

 Finally, defendant alleges that the trial court erred when it allowed the government to question Miranda about the reason for his prior deportation on cross-examination. The validity of the prior deportation was not at issue at trial; in fact, the defendant withdrew a pretrial motion challenging that action. Miranda correctly asserts that evidence of crimes or prior bad acts not charged in an indictment is inadmissible to show a defendant's criminal disposition. Fed.R.Evid. 404(b); *United States v. Shomo*, 786 F.2d 981 (10th Cir. 1986). The government contends, however, that its questioning in this regard was within the proper scope of cross-examination because the defendant testified on direct examination about some of the circumstances surrounding his prior deportation.

Even assuming that the trial court erred in allowing the questioning at issue in this case, such an error is harmless if other, independent evidence of the defendant's guilt is overwhelming. *See United States v. Perez*, 493 F.2d 1339, 1344 (10th Cir. 1974); 3A C. Wright, *Federal Practice and Procedure* 306–07 (2d ed. 1982). In this case, other evidence overwhelmingly established each element necessary for a section 1326 conviction without regard to the challenged testimony. Miranda admitted that he is a Mexican national and that he voluntarily entered the United States. He also conceded that he was deported previously and that he did not obtain the permission of the Attorney General before his reentry.

AFFIRMED.