986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lorenzo VIEZCAS-SOTO, Defendant-Appellant.
 Nos. 92-6222, 92-6231.
 United States Court of Appeals, Tenth Circuit.
 Jan. 26, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and SAFFELS, District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Lorenzo Viezcas-Soto appeals a district court judgment finding him guilty of illegally reentering the United States following deportation in violation of 8 U.S.C. § 1326(a). On appeal, Mr. Viezcas-Soto contends that there was insufficient evidence to prove beyond a reasonable doubt that he illegally reentered the United States. He argues that the government failed to show that he fully understood the nature of his deportation and his rights and responsibilities. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 To review the sufficiency of the evidence supporting a criminal conviction, we examine the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). "If substantial evidence supports the verdict, it cannot be set aside." United States v. Leach, 749 F.2d 592, 600 (10th Cir.1984).
 
 
 3
 Section 1326(a) makes it a felony for any alien who has been arrested and deported to reenter the United States without obtaining permission for reentry from the Attorney General or demonstrating that such permission is not required. 8 U.S.C. § 1326(a). "[T]he government need not show that defendant willfully and knowingly engaged in criminal behavior, but only that the defendant's acts were willful and knowing--that the defendant willfully and knowingly reentered the United States and that he did so without the Attorney General's permission." United States v. Miranda-Enriquez, 842 F.2d 1211, 1212 (10th Cir.), cert. denied, 488 U.S. 836 (1988).
 
 
 4
 Mr. Viezcas-Soto does not dispute that he is a citizen of Mexico who was arrested and deported to Mexico on July 18, 1991, that he never sought or received permission to reenter the United States, and that he was arrested in the United States on March 2, 1992. On deportation, he was warned in Spanish and in English about the penalties for reentry without the Attorney General's permission.
 
 
 5
 We find evidence sufficient to support the conviction and AFFIRM.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3