**UNITED STATES, Plaintiff,**

v.

**Salud BARRERA–PANIANGUA,**
**Defendant.**

**No. 98 CR 648.**

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 24, 2000.

AUSA, U.S. Attorney's Office, Chicago, IL, for U.S.

Robert A. Handelsman, Chicago, IL for defendant.

***MEMORANDUM OPINION***
***AND ORDER***

BUCKLO, District Judge.

The defendant Salud Barrera–Paniangua was indicted by a grand jury for vio-

lating 8 U.S.C. § 1326, which provides that any alien who has been deported and thereafter enters the United States is guilty of a felony. Mr. Barrera–Paniangua moves to dismiss the indictment against him because it does not charge that he "knowingly," "willfully," or otherwise intentionally violated the statute. I deny his motion.

## I.

■■■ An indictment is sufficient when it states the elements of the crime charged, informs the defendant of the nature of the charges to enable him to prepare a defense, and allows the defendant to plead the judgment so as to bar later prosecution of the same offense. *United States v. Torres,* 191 F.3d 799, 805 (7th Cir.1999). In reviewing the sufficiency of the indictment, I must consider the challenged count as a whole and "refrain from reading it in a hypertechnical manner." *United States v. McNeese,* 901 F.2d 585, 602 (7th Cir.1990). The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards. *United States v. Allender,* 62 F.3d 909, 914 (7th Cir.1995) (citing *United States v. Webb,* 747 F.2d 278, 284 (5th Cir.1984).

## II.

Mr. Barrera–Paniangua seeks to dismiss the indictment for failure to list all the elements of 8 U.S.C. § 1326, which provides in relevant part that:

any alien who—

(1) has been denied admission, excluded, deported, or removed ...

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; ...

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1326(a).

Mr. Barrera–Paniangua is also charged under 8 U.S.C. § 1326(b), a sentencing enhancement Congress added in 1988 which increases the criminal penalties—to a maximum of twenty years—for the reentry of certain removed aliens, primarily those who return subsequent to drug or felony convictions.

The indictment against Mr. Barrera–Paniangua basically recounts the statute, charging that he, "an alien who had been previously deported, ... was present and found in the United States without previously obtaining the express consent of the United States Attorney General for reapplication" for admission into the United States. Like the language of the statute, the indictment does not include the words "knowingly" or "willingly" or mention intent. *See Torres,* 191 F.3d at 805 ("an indictment is sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished.") (citations omitted). The defendant argues that this failure is fatal because the Seventh Circuit made clear in *United States v. Anton,* 683 F.2d 1011 (7th Cir.1982), that intent is an element of § 1326. In *Anton,* the district court instructed the jury to ignore Mr. Anton's testimony that, due to his dealings with and documents received from the American Consulate, Chicago INS office, and Attorney General's office, he reasonably believed he had entered the United States lawfully. The Seventh Circuit reversed his conviction and held that "there is some mental state requirement for the third material element of" § 1326.[1]

---

**1.** Of the eight circuits which have addressed this issue, only the Seventh Circuit finds a mental state requirement or permits a reason-able belief defense against a charge of illegal reentry. *See e.g., United States v. Espinoza–Leon,* 873 F.2d 743, 746 (4th Cir.1989) (ex-

914

The United States contends that *Anton* did not alter the charging requirements of § 1326 but stands only for the proposition that there is a limited mistake of law defense to § 1326 under certain circumstances. In addition, because the opinion does not specify what level of intent is required, the United States asserts that it should not be forced to guess in an indictment; rather, whatever intent exists is "implicit" in the language of the statute and therefore the indictment. *See United States v. Dixon,* 596 F.2d 178 (7th Cir. 1979) (indictment was held to have contained allegations of the requisite intent although not expressly stated); *see also United States v. Trott,* 227 F.Supp. 448 (D.Md.1964) ("[A]n allegation of willfulness in an indictment under 8 U.S.C.A. § 1326 is unnecessary, and would ordinarily be surplusage, which need not be proved.").

■ Obviously, the statute itself is silent on the issue of intent. Although the Seventh Circuit "concluded that proof of intent is relevant," the court never expressly stated that § 1326 contains a specific intent element which must be pled and proved.[2] Instead, there is language in the opinion indicating that intent only comes into play as an affirmative defense to § 1326.

> Our recognition of a "reasonable belief" defense in this context will not significantly affect the government's burden in a prosecution ... [normally met] by introducing evidence that the accused did not in fact have permission to reenter. Unless the defendant offers "some" evidence to the contrary, a jury is justified

inferring from the government's initial showing that the defendant did not reasonably believe that he had such consent ... It is only in the atypical case in which the defendant offers evidence regarding his reasonable belief, that the government must contest his claim.

*Anton* at 1018 (internal citation omitted). And again in a more recent Seventh Circuit case, the court explained its decision in *Anton,* stating that:

> There, we considered whether the provisions of section 1326 allow an alien to present a limited mistake of law defense to the charge of unlawfully being present in the United States.... In construing this provision, we explained that in order to demonstrate a violation of section 1326, the government must establish "(1) that the accused is an alien; (2) that he previously was arrested and deported according to law; and (3) that he subsequently was found unlawfully in the United States." *Anton I,* 683 F.2d at 1016 (footnote supplied); *see Pena–Cabanillas v. United States,* 394 F.2d 785, 789 (9th Cir.1968). Further, we held that even if the government could establish these three factors, a defendant might nonetheless successfully challenge his arrest by proving that he "reasonably believed that he had the consent of the Attorney General to reenter the United States." ... *U.S. v. Anton,* 888 F.2d 53, 54–55 (7th Cir.1989)

This language limits *Anton* to whether a mistake of law defense exists and makes clear that the government need only prove intent *after* a defendant has raised his

---

plicitly rejecting *Anton's* limited mistake of law defense); *United States v. Trevino–Martinez,* 86 F.3d 65, 68–69 (5th Cir.1996) (§ 1326 does not require the government to prove specific intent nor does it provide an alien who reenters U.S. illegally with a defense of reasonable mistake); *United States v. Miranda–Enriquez,* 842 F.2d 1211, 1212 (10th Cir.1988) (holding no specific intent to violate law need be shown); *United States v. Newton,* 677 F.2d 16, 17 (2d Cir.1982); *United States v. Hussein,* 675 F.2d 114, 115–16 (6th Cir. 1982) (same); *Pena–Cabanillas v. United*

States, 394 F.2d 785, 788–90 (9th Cir.1968) (same); *U.S. v. Henry,* 111 F.3d 111, 114 (11th Cir.1997) (same).

**2.** Indeed, the opinion is not written in the traditional framework of general versus specific intent, but instead refers to the rather nebulous terms of "purpose, knowledge, recklessness, negligence," and other terminology regarding mental state requirements. *Anton* at 1014–16 and n. 3 (distinguishing "voluntariness" from "general intent").

claim of an honest but unknowing entrance into the country. Furthermore, the court restates the elements of § 1326 and does not add "knowingly" or "willfully" or mention intent. *See also United States v. Gomez–Orozco,* 188 F.3d 422, 425 (7th Cir. 1999) ("it is clear from the language of the statute that the elements of this crime are that the defendant (1) is an alien, (2) was previously deported, and (3) has re-entered the United States without proper permission"). I therefore conclude that whatever mental state requirement the Seventh Circuit adopted in *Anton* is implicit in the language of the third element itself and need not be added to the indictment. This construction as an affirmative defense rather than an element of the crime is reasonable since a defendant, not the government, is better situated to adduce evidence to prove he was not knowingly or willfully in the United States unlawfully. *United States v. Jackson,* 57 F.3d 1012, 1016 (11th Cir.), cert. denied, 516 U.S. 970, 116 S.Ct. 432, 133 L.Ed.2d 346 (1995).

The indictment of Mr. Barrera–Paniangua does not include the words "knowingly or willingly" but otherwise recites nearly verbatim the language of § 1326 and includes the three elements of the crime set forth in *Anton* and more recently in *Gomez–Orozco* . I therefore find it sufficient. At the appropriate time, Mr. Barrera–Paniagua will have an opportunity to raise the mistake of law defense recognized in *Anton,* if he can, and I will instruct the jury accordingly.

The defendant's motion to dismiss the indictment is DENIED.