**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0195n.06

No. 13-6581

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 11, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| RIGOBERTO FRANCISCO-REYES, | ) TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: KETHLEDGE and DONALD, Circuit Judges; McCALLA, District Judge.[*]

PER CURIAM. Rigoberto Francisco-Reyes appeals the district court's judgment of conviction and sentence.

A jury found Francisco-Reyes guilty of illegally reentering the United States after being deported, in violation of 8 U.S.C. § 1326. The district court sentenced him to 21 months in prison. On appeal, Francisco-Reyes argues that there was insufficient evidence to support his conviction because there was no evidence that he knew his reentry into the United States was illegal. He contends that he did not understand his prior deportation proceedings because they were not conducted in his native language.

We review de novo a challenge to the sufficiency of the evidence. *United States v. Mathis*, 738 F.3d 719, 735 (6th Cir. 2013). When reviewing such a claim, we must determine

---

[*]The Honorable Jon Phipps McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

Francisco-Reyes's sufficiency-of-the-evidence claim fails because the prosecution was not required to prove that he knew his reentry into the United States was illegal. *See United States v. Hussein*, 675 F.2d 114, 116 (6th Cir. 1982) (per curiam). And, in any case, a rational juror could have concluded that Francisco-Reyes knew that his reentry was illegal, given the evidence that he had been deported five times between 1998 and 2009.

Accordingly, we affirm the district court's judgment.